449 So.2d 463 (1984)
STATE of Louisiana
v.
Arthur G. DIXON.
No. 82-KA-2745.
Supreme Court of Louisiana.
April 2, 1984.
*464 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Kerry Hogan, William C. Credo, Asst. Dist. Attys., for plaintiff-appellee.
Martha E. Sassone, Indigent Defender Board, Gretna, for defendant-appellant.
BLANCHE, Justice.
Defendant Arthur Dixon was originally charged by bill of information with one count of aggravated burglary, a violation of La.R.S. 14:60, and one count of simple burglary, a violation of La.R.S. 14:62. The State later amended the bill of information, reducing the charges to two counts of simple burglary. Thereafter, Dixon withdrew his not guilty pleas and entered guilty pleas. A pre-sentence investigation was ordered by the trial judge, and on April 6, 1982, the court imposed sentences of twelve years at hard labor on each count, the maximum under the law, with the sentences to run consecutively. The defendant himself immediately objected to the sentence, and it is that objection which forms the basis for this appeal.
Dixon assigns as error the fact that the trial court did not order his guilty plea to be withdrawn. He contends that his guilty plea was entered only because it had been represented to him by the prosecution and his own attorney that he would receive sentences substantially less than twelve years on each count and that the sentences would be concurrent. Although Dixon never made a formal motion to withdraw his guilty plea, he did object to the sentence which had been imposed and did immediately inform the court that he wished to appeal. This court has consistently permitted a constitutionally infirm guilty plea to be withdrawn after sentencing by way of appeal or post conviction relief. State v. Hayes, 423 So.2d 1111 (La.1982), and cases cited therein. It is by now settled law that a guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain, and that bargain is not kept. In such a case a defendant has been denied due process of law because the plea was not given freely and knowingly. State v. Hayes, supra; State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981); State v. Neitte, 363 So.2d 425 (La.1978); State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977).
In the instant case, after the court gave its reasons for the maximum sentences and remanded the defendant to the Department of Corrections, Dixon spoke out and the following exchange took place:

*465 Defendant: Your Honor, can I say something now? I was told prior to trying to plead guilty, that the sentences would run concurrent, and that I would get less than twelve years. That's why I plead [sic] guilty.
Court: It's not what the pre-sentence report indicates, I'll read you what the Court has agreed to. Let me see it. Who made that statement to you?
At this point defense counsel asked to approach the bench and Dixon turned to his lawyer to protest:
Defendant: You told me that the District Attorney told him [the trial judge] I'll get twelve ...
Court: Twelve years on each count.
Defendant: To run concurrent. No, that I would get less than twelve. Somebody else told me that I'd get four, but uh.
Court: I would suggest that if you want to take an appeal, the Court will grant you any appeals that you want to take but the Court is not inclined to give you any less under these circumstances.
Defendant: Your Honor, I'd like aif my attorney won't, I'd like to let you know that I'm gonna appeal.
Court: We can do that right now. Give me the appeal to file.
The transcript of the sentencing hearing ends at this point, but the Minutes of Court indicate that Dixon signed the Motion for Appeal at that time.
In his brief to this Court, Dixon admits that in his oral Boykin colloquy with the trial court he stated that he understood the potential penalties for the crimes he was pleading to and that he also responded that he had not been promised anything in return for his guilty plea. The State also points to the "Waiver of Rights" form which Dixon signed at the same time and in which he gave the same responses. The written waiver also contains a question asking the defendant if he had been informed by his attorney that, if the court accepted his guilty plea, he would be sentenced in accordance with a pre-sentence investigation, to which Dixon responded affirmatively. Dixon asserts that these answers were given on the advice of his attorney, who assured him that the questions and answers were merely "procedural" for the purpose of entering the guilty plea and would have no effect on his plea bargain agreement.
Two weeks after the sentencing hearing, on April 20, 1982, the trial court, on its own motion amended the sentence so that the two twelve-year terms were to run concurrently. The trial court explained that it was taking this action pursuant to La.C. Cr.P. art. 881, since the sentence had not yet become executory. Defense counsel maintained the objection to the length of sentence, and a second order of appeal was entered.
The fact that the trial court of its own volition sought to amend the sentence to provide for the concurrent terms Dixon said he was promised certainly lends credence to his assertions, as does his immediate objection and explanation at the time sentence was imposed. The record is entirely devoid, however, of any comments from the prosecutor regarding the allegations of unkept promises, nor was there any comment, explanation, or argument by the attorney representing Dixon at the time.
Because of the insufficient record before us, the case must be remanded for an evidentiary hearing. If the evidence adduced at that hearing supports the finding that Dixon's guilty plea was induced in part by the state's promise of concurrent sentences of less than twelve years, the plea bargain must be enforced or Dixon allowed to withdraw his guilty plea. Likewise, if there was no such agreement, but Dixon justifiably believed there was and pled guilty in part because of that justifiable belief, the guilty plea was not knowingly made and must be set aside. State v. Jones, 398 So.2d 1049 (La.1981); State v. Thompson, 414 So.2d 1218 (La.1982); State v. Baudoin, 334 So.2d 186 (La.1976).

*466 DECREE
For the reasons assigned, the case is remanded to the district court with instructions to hold an evidentiary hearing to determine whether defendant's plea was knowingly and voluntarily made. If the plea was not entered knowingly and voluntarily, the defendant must be permitted to withdraw it and the case proceed in accordance with law.
REMANDED with instructions.