DUFRESNE, Judge.
The defendant, Harold J. Frisard, III, was charged by bill of information with simple burglary. (LSA-R.S. 14:62) The defendant pled not guilty at arraignment. Pursuant to a plea bargain agreement, the defendant withdrew his former plea of not guilty and entered a plea of guilty as charged on January 27, 1989 in accordance with North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The court sentenced the defendant to twelve years at hard labor on April 26, 1989.
On May 5, 1989, the state filed a multiple bill charging the defendant as a second felony offender and the defendant pled not guilty. The defendant filed two motions to quash the bill but the trial court denied them after a hearing held November 8, 1989. The court then found the defendant to be a multiple offender and sentenced him to twenty-four years at hard labor. The defendant now appeals from this enhanced sentence.
FACTS
On August 30, 1988, the defendant removed the air-conditioning duct from the side of Minit-Mart Food Store in Gretna, Louisiana and entered the store. Once inside, he removed items and stacked them by his point of entry. He was subsequently apprehended while in the store.
ASSIGNMENT OF ERROR NO. ONE
Defendant contends that the multiple bill was not timely filed in that it was filed four months after defendant’s plea.
LSA-R.S. 15:529.1 D provides for the filing of a multiple bill:
If, at any time, either conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony ... the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction ...
LSA-R.S. 15:529.1 does not impose a specific prescriptive period in which the district attorney must act after discovering that the defendant has a prior record; however, the Supreme Court of Louisiana has held that the district attorney must file a multiple bill within a reasonable time after the prosecution knows that a defendant has a prior felony record. State v. Broussard, 416 So.2d 109 (La.1982); State v. Wilson, 360 So.2d 166 (La.1978); State v. Bell, 324 So.2d 451 (La.1975).
In the instant case the multiple bill was filed only nine days after the sentence was imposed. This was just over three months from defendant’s plea. Consequently, there was no unreasonable delay on the part of the state in the filing of the multiple bill against the defendant. See State v. Spellman, 547 So.2d 1361 (La.App. 4th Cir.1989).
In State v. Spellman, supra, the state filed a multiple bill on the same day defendant was sentenced which was approximately three months after defendant’s conviction. The court held that such was a reasonable delay to file the multiple bill.
Defendant further contends that the filing of the multiple bill breached the plea bargain agreement.
A guilty plea is constitutionally infirm when the state does not fulfill an express or implied part of the plea bargaining agreement which precipitated defendant’s decision to so plead, and due process may be offended both when there is a promise which is later broken and when the defendant justifiably believes that there is a promise which is later broken. State v. Hayes, 423 So.2d 1111 (La.1982).
Here, neither the Boykin form nor the transcript of the plea proceedings expressly prohibited the state from filing a multiple bill.
However, at the motion to quash, defendant’s former attorney, Robert Belk-nap, testified that he reviewed the Boykin form with the defendant while he was in jail prior to his plea. He stated that the twelve year limitation on the sentence in the Boykin form was a prohibition on the filing of a multiple bill because if there was a possibility that the state would file a *171 multiple bill then he would have noted that in the Boykin form.
He additionally testified that the assistant district attorney told him that there would not be any double billing but he would have to check that with the Career Criminal Bureau. He indicated that if a defendant is going to be multiple billed then he will try the case.
He further testified that the defendant pled with the understanding that the state would not file a multiple bill.
The district attorney testified that if there was an agreement not to multiple bill the defendant, it would have been written in the form or stated on the record and that he did not have authority to enter into such an agreement since this was a Career Criminal Bureau case.
Furthermore, pleading a defendant into a multiple bill would appear to be ineffective assistance of counsel thus providing the grounds for an application for post-conviction relief.
Considering the above there was either an implied promise on the part of the State not to multiple bill or a justifiable belief in that regard on the part of the defendant; consequently, the institution of multiple offender proceedings was contrary to the plea agreement and the enhanced sentence should be vacated.
ASSIGNMENT OF ERROR NO. TWO
At the request of the defendant, we have reviewed the record for any and all errors patent.
There are no errors patent in the defendant’s plea and sentence on the original charge. Although we do note errors on the record on the multiple bill and sentence, there is no need to discuss these since the enhanced sentence will be vacated.
DECREE
The enhanced sentence imposed on November 8, 1989, is vacated and the twelve year sentence at hard labor previously imposed on April 26, 1989, is reinstated and affirmed.
ENHANCED SENTENCE VACATED, PRIOR SENTENCE REINSTATED AND AFFIRMED.