WICKER, Judge.
A bill of information was filed on September 3, 1992 in the 24th Judicial District Court charging the defendant, Willie Frazier, with possession of cocaine, La.R.S. 40:967 C. At the September 15, 1992 arraignment, the defendant pled not guilty.
On September 29, 1992 defense counsel filed a Motion to Suppress Confession, Identification, and Physical Evidence.
On October 19, 1992, the defendant withdrew his former plea of not guilty and after being advised of his constitutional rights entered a plea of guilty to posses *1218 sion of cocaine. Pursuant to the plea bargain agreement, the trial judge thereafter sentenced the defendant to five years at hard labor with credit given for time served. As part of the plea bargain agreement, all charges in case number 92-4965 were dismissed.
After the imposition of this sentence, the defendant stipulated to the revocation of probation in case number 91-488. Pursuant to this stipulation, the trial judge revoked the defendant’s probation and imposed the original sentence of three years at hard labor. The sentences were ordered to run concurrently. The defendant has appealed. We vacate the plea agreement.
The defendant assigns as error the denial of fundamental due process in being sentenced under State v. Crosby, 338 So.2d 584 (La.1976), where no hearing was held on his motion to suppress.
On September 29, 1992 the defendant’s attorney filed motions to suppress confession, identification and physical evidence. Although those combined motions contained an order to set them for hearing, the order was not signed and the motions were not set for hearing. Furthermore, defense counsel filed a motion for discovery on the same date which also contained an order to set that motion for hearing. That order was not signed and the hearing was not set.
On October 19, 1992 a hearing was held where the defendant withdrew his plea of guilty and entered a plea of guilty as charged with the state’s agreeing to dismiss certain misdemeanor charges in connection with the alleged offense. Prior to the plea being entered the defendant’s attorney stated:
You Honor, I would ask that you allow this plea to be contingent under “Crosby”. And I’ve gone over his constitutional with him, the waiver form and Boykin and I’m confident that Mr. Frazier understands his constitutional rights.
The trial judge stated:
I’ll accept the plea under the provision of “Crosby” to give you the opportunity to review the ruling of the Court.
Evidently, the trial judge was under the impression he had already ruled. Since neither the defense counsel nor the state indicated otherwise it seems all parties were under this impression.
After the defendant was questioned by the trial judge regarding the plea, the trial judge stated he was reserving the defendant’s “rights under the provision of ‘Crosby’.”
The defendant now contends he was denied due process in being sentenced under State v. Crosby where no hearing was held on his motion to suppress. He is not asking that his guilty plea be vacated but rather requests this court to remand the cause for further proceedings to transcribe a hearing on the motion to suppress if such a hearing has taken place or, if such a hearing has not taken place, to require the trial court to hold the hearing without delay.
In contrast to defendant’s contention that defense counsel, the prosecuting attorney and the trial judge all forgot that no hearing had been held on the defendant’s motions, it is the state’s position that trial counsel filed these omnibus motions as a precautionary move, and then abandoned them as irrelevant and/or without merit, and got the best deal possible he could for the defendant in the plea agreement entered into with the state. Moreover, the state contends that defense counsel’s failure to ask the trial court to hear his motion prior to defendant’s guilty plea in open court amounts to a waiver of these motions pursuant to La.C.Cr.P. art. 841.
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (La.1969), the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one’s accusers. Boykin was adopted by the Louisiana Supreme Court. State ex rel LeBlanc v. Henderson, 259 So.2d 557 (La.1972).
Because a plea of guilty waives these fundamental rights of an accused, due process requires as a prerequisite to its *1219 validity that the plea be a voluntary and intelligent relinquishment of known rights. The record of the plea must show that the defendant was informed of these three basic rights and then knowingly and voluntarily waived them. State v. Galliano, 396 So.2d 1288 (La.1981); State v. Seymore, 570 So.2d 176 (La.App. 5th Cir.1990).
Prior to accepting the defendant’s guilty plea, the trial judge advised him of his constitutional rights, including his right to trial by jury, the right to confront his accusers, and the right to remain silent. The trial judge additionally advised the defendant of the elements of the offense, the possible penalties which could be imposed and of the actual penalty which would be imposed. Throughout the colloquy, the defendant indicated that he understood his rights and voluntarily wished to waive those rights through the entry of his guilty plea. A waiver of rights form signed by the defendant, his attorney and the trial judge also indicates that the defendant understood his rights and the consequences of his guilty plea.
“It is by now settled law that a guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain agreement or by what he justifiably believes was a plea bargain, and that bargain is not kept. In such a case a defendant has been denied due process of law because the plea was not given freely and knowingly.” State v. Dixon, 449 So.2d 463, 464 (La.1984). See also State v. Frisard, 566 So.2d 169 (La.App. 5th Cir.1990), writ denied, 572 So.2d 61 (La.1991).
Accordingly, if the guilty plea rests in any significant degree on a promise or agreement of the prosecutor, the essence of the promise must be made known and the promise must be fulfilled or the defendant must be given an opportunity to withdraw the plea or to enforce the agreement. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Jones, 398 So.2d 1049 (La.1981).
In State v. Crosby, supra at 586, the court stated:
A plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea.
Here, however, the accused expressly did not waive their right to appellate review of non-jurisdictional trial error which (they contend) made useless any continued trial of their defense. Their plea of guilty was entered upon the express plea bargain that they did not lose their right to appellate review of such error.
If we are not able to afford the accused their bargained-for appellate review, we must set aside the guilty pleas. The plea could not therefor be characterized as voluntary, because of the nonperformance of the plea bargain (or the impossibility of the state to perform it) by virtue of which the plea was obtained, [citations omitted].
Since the defendant entered his plea upon the express belief that he keep his right to appeal, the plea must be set aside and the parties placed in their original positions; otherwise the defendant is not afforded his bargained-for appellate review.
Accordingly, for the reasons stated we vacate the defendant’s plea and we remand for further proceedings consistent with the views expressed herein.
PLEA OF GUILTY VACATED AND CASE REMANDED.
GAUDIN, J., dissents with reasons.