11WICKER, Judge.
Jack T. Braquet was charged with possession of marijuana with intent to distribute, a violation of La.R.S. 40:966(A). He initially entered a plea of not guilty and filed various pretrial motions, including a motion to suppress evidence, which were scheduled to be heard on the day of trial. No ruling was made on them, however, because on June 21, 1995, the trial date, defendant withdrew his plea of not guilty and entered a plea of guilty as charged. He reserved his right to appeal under State v. Crosby, 338 So.2d 584 (La.1976). On the same day, the trial court sentenced defendant to five years at hard labor with the Department of Corrections, with credit for time served, suspended execution of the sentence, and placed defendant on three years’ active probation with special conditions. Pursuant to his Crosby plea, defendant has appealed.
FACTS
Because there was no trial or other hearing, the facts of the case must be gleaned from the search warrant and accompanying documentation. On December 16, 1994, the Jefferson Parish Sheriffs Office learned through a reliable confidential informant that Jack Braquet was dealing large quantities of marijuana from his home at 306 Papworth | aAvenue in Metairie. Agent William Bums consulted Agent Blankenship, who was famil *289 iar with Braquet and his son Maro Braquet from previous narcotics dealings. A computer check showed Braquet had prior arrests and an outstanding warrant for cultivation of marijuana.
Agent Bums instructed the informant to make a controlled purchase at Braquet’s house. The confidential informant bought a quantity of marijuana from the Papworth Avenue address and turned it over to Agent Burns. The informant told Bums that he had observed marijuana, as well as pills such as Valium and Xanax, inside the residence.
Based on the purchase and the additional information supplied by the informant, Agent Burns applied for a warrant to search Bra-quet’s residence. The warrant was issued at 1:45 p.m. on December 16, 1994. It was executed at 2:20 p.m. that day by Narcotics Division agents of the Jefferson Parish Sheriffs Office. The officers seized approximately 1,577 grams of marijuana and placed Bra-quet under arrest.
ASSIGNMENT OF ERROR
Defendant contends the trial court erred in finding probable cause in the sworn affidavit attached to the order of search. Defendant complains that the controlled purchase by the confidential informant and the information the informant collected while inside defendant’s residence did not constitute probable cause to issue a search warrant.
We need not reach the question of the warrant’s validity, however, because defendant is not entitled to raise this issue on appeal. The record does not show that the court heard and ruled on defendant’s motion to suppress. The motions were scheduled to be heard on the day of trial. There was ultimately no trial and there is no motion hearing transcript in the record. The minute entry of the June 21, 1995 proceedings mentions defendant’s guilty plea and sentencing, then states: “Motion to suppress was denied by the court. Defense objection was noted for the record.” This notation is, however, in conflict with the guilty plea transcript.
IgAfter defendant entered his guilty plea and before he was sentenced, the judge asked, “All right, sir. Are there any motions outstanding?” Defense counsel responded, “No, sir, no outstanding motions. They have all been waived.” This is the only mention of pretrial motions in the transcript.
In State v. Kafieh, 590 So.2d 100, 105 (La.App. 5th Cir.1991), writ denied, 625 So.2d 1053 (La.1998), this court held that the defendant had no right to enter a guilty plea under Crosby, supra, because the record did not show any pre-plea rulings by the trial court which might serve as the basis for entry of a Crosby plea.
Absent a ruling from the district court on the pretrial motions in this case, there is nothing for this court to review. It is well-established that a guilty plea waives all non-jurisdictional defects in the proceedings prior to entry of the guilty plea and precludes review of such defects either by appeal or by post-conviction remedy. State v. Kafieh, supra, at 104-105; State v. Jenkins, 419 So.2d 463 (La.1982); State v. McKinney, 406 So.2d 160 (La.1981). A defendant may be allowed appellate review if at the time he enters a plea of guilty, he expressly stipulates that he does not waive his right to appeal a previous adverse ruling in the case. State v. Crosby, supra.
Although defendant noted in his waiver of rights form that he was entering his guilty plea under Crosby, and counsel stated on the record that defendant was entering a Crosby plea, there is no evidence in the record that defendant specified on what ruling he wished to reserve his right to appeal. He is not entitled, therefore, to raise the assigned error on appeal. State v. Lozado, 594 So.2d 1063, 1065 (La.App. 3rd Cir.1992); State v. Parker, 552 So.2d 771 (La.App. 1st Cir.1989). Based on the foregoing, this assignment of error has no merit.
PATENT ERROR
In addition to reviewing the assignment of error, we have conducted an error patent review, as we do in all criminal appeals. That review discloses that when ^sentencing defendant the trial judge faded to grant credit for time served, as required by La.Code Crim.P. art. 880. Although the minute entry/eommitment shows that defen *290 dant was accorded credit for time served, the transcript does not reflect that such credit was given. Where there is a discrepancy between the minute entry and the transcript, the transcript generally should prevail. State v. Lynch, 441 So.2d 732, 734 (La.1983). Because the law mandates that defendant be given credit, however, judicial discretion was not entailed and the omission must be corrected. Accordingly, we shall amend defendant’s sentence to reflect that defendant is given credit for time served.
DECREE
For the foregoing reasons, the sentence is amended to give defendant credit for time served. In all other respects, defendant’s conviction and sentence are affirmed.

CONVICTION AFFIRMED, SENTENCE AMENDED.