673 So.2d 1058 (1996)
STATE of Louisiana
v.
Mitchell GROSS.
No. 95-KA-621.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1996.
*1059 H. Thomas Murphy, Metairie, for defendant-appellant.
Anthony Falterman, District Attorney, Convent, for plaintiff-appellee.
Donald D. Candell, Assistant District Attorney, Gonzales, for plaintiff-appellee.
Before DUFRESNE, GOTHARD and CANNELLA, JJ.
GOTHARD, Judge.
In this criminal matter, the defendant, Mitchell Gross, appeals the trial court's refusal to allow him to withdraw his guilty plea. We remand with instructions.

ISSUES
We are called upon to determine whether the trial judge erred in not allowing the defendant to withdraw his guilty plea when, prior to sentencing, defendant informed the trial judge that he allegedly had relied on an agreement of seven to 12 years and would not have pled guilty if he had known he would be sentenced to 20 years.

BASIC RECORD FACTS AND PROCEDURAL HISTORY
The defendant was charged with distribution of cocaine, a violation of La.R.S. 40:967(A). On July 13, 1993, the defendant entered a guilty plea to this charge. The record reflects that the defendant's counsel and the district attorney agreed upon a Pre-Sentence Investigation only, no multiple bill, and the defendant agreed to submit to revocation of a prior conviction, with the revocation sentence to run concurrent with the sentence in this case. The trial judge read this to the defendant in open court with the defendant's attorney present. The trial judge, again in open court, in the presence of the defendant and his attorney, informed the defendant the possible sentence for this offense ranged from not less than five to not more than 30 years at hard labor. After a Pre-Sentence Investigation, the trial judge sentenced the defendant to be committed to the Department of Corrections at hard labor with credit for time served in state incarceration only for a term of 240 months (20 years). Just prior to being sentenced, the defendant told the trial judge that he signed the plea bargain agreement because he had been told that he would be sentenced for a period of seven to 12 years and that had he known he would be sentenced to 20 years, he would have gone to trial, as opposed to pleading guilty. After the judge sentenced him, the defendant asked if he could "take the plea back some kind of way." The trial judge refused, telling the defendant that he should pursue post-conviction relief. In March 1995, the defendant filed a motion to allow an out-of-time appeal, which was granted subsequent thereto and this appeal ensued.

ISSUE ONE

Law
The Code of Criminal Procedure gives the trial judge the discretion to allow a guilty plea to be withdrawn at any time before sentencing. (La.Code Crim.P. art. 559(A)). The jurisprudence is clear that while the trial court has great discretion in allowing a guilty plea to be withdrawn, "[o]nce a defendant has been sentenced, ... only guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-conviction *1060 relief." State v. Walker, 94-340 (La.App. 5th Cir. 10/25/94), 645 So.2d 766, 769 (citing State v. Dixon, 449 So.2d 463, 464 (La.1984); State v. Smith, 406 So.2d 1314, 1315 (La.1981); State v. Alfonso, 496 So.2d 1218, 1220 (La.App. 5th Cir.1986), writ denied, 501 So.2d 206 (La.1987); State v. Kafieh, 590 So.2d 100, 104 (La.App. 5th Cir. 1991), writ denied, 625 So.2d 1053 (La.1993)). Further, it is well-settled that "a guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain, and that bargain is not kept." State v. Dixon, 449 So.2d 463, 464 (La.1984). However, it is also well-settled that dissatisfaction with a sentence is not a basis for withdrawal of a guilty plea. State v. Boatright, 406 So.2d 163 (La.1981); State v. Cook, 591 So.2d 1248 (La.App. 5th Cir.1991).
Analysis
The defendant told the trial judge prior to being sentenced, that he pled guilty because his attorney and the district attorney said he would be sentenced to seven to 12 years and that, "now they're coming up with something in here about seventeen and a half to twenty. But that ain't what I signed for." At that time, the trial judge reminded the defendant that he, the defendant, had been in court with both his attorney and the district attorney present when the plea bargain agreement, as well as the range of penalties for this offense, were read in open court. The plea bargain agreement, read in open court to the defendant with both the defense counsel and the district attorney present, stated:
[y]our counsel and the district attorney have conducted plea bargaining relative to your case and have agreed upon a Pre-Sentence Investigation only, no multiple bill, and the defendant agrees to submit to the revocation of a prior conviction, and the revocation sentence will run concurrent with the sentence in this case.
When asked if he understood the terms of the agreement, the defendant answered affirmatively. Prior to reading the terms of the plea bargain agreement, the trial judge informed the defendant of the elements of the crime for which he was charged, as well as the range of penalties, which included a sentence of not less than five to 30 years at hard labor. Further, in response to questioning by the trial judge, the defendant said he had not been promised anything by anyone in order to get him to plead guilty, other than the plea bargain.
However, upon review, we note that part of the revocation agreement which states that "revocation will run concurrent with the sentence in this case." We view that agreement and then note again that, prior to sentencing, the defendant stated, "Before I signed this thing they said it was from seven to twelve, before I signed it, and now they're coming up with something in here about seventeen and a half to twenty. But that ain't what I signed for."
When viewing this plea bargain agreement and the defendant's statement prior to the actual sentencing, it demonstrates to us that, even if there was no such agreement but the defendant justifiably believed there was and pled guilty, in part, because of that justifiable belief, then we conclude the guilty plea was not knowingly made and must, accordingly, be set aside. See State v. Thompson, 414 So.2d 1218 (La. 1982); State v. Jones, 398 So.2d 1049 (La. 1981).
For the reasons assigned, this matter is remanded to the district court with instructions to hold an evidentiary hearing to determine whether the defendant's plea was knowingly and voluntarily made. If the plea was not entered knowingly and voluntarily, the defendant must be permitted to withdraw it and the case proceed in accordance with the law.
REMANDED WITH INSTRUCTIONS.