946 So.2d 325 (2006)
STATE of Louisiana
v.
Cleon C. FLOYD, Jr.
No. 06-KA-657.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2006.
Rehearing Denied January 12, 2007.
*326 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Andrea F. Long, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Bruce G. Whittaker, Attorney at Law, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
Defendant, Cleon C. Floyd, appeals from his guilty plea conviction for possession of cocaine and his sentence to four years imprisonment at hard labor. For the reasons which follow, we vacate the plea and remand.
The Jefferson Parish District Attorney filed a bill of information charging the Defendant with possession of cocaine, a violation of La. R.S. 40:967(C). The Defendant pled not guilty at arraignment. Thereafter, numerous counseled and pro se pre-trial motions, including a motion to suppress evidence were filed. On December 23, 2003, the Defendant filed a "Motion To Proceed Pro Se." On April 19, 2004, the minutes reflect that the trial judge allowed the Defendant to represent himself with the assistance of co-counsel.[1]
On April 22, 2004, the trial court began a hearing on the motion to suppress. The only facts regarding the case come from Officer Brent Donovan's testimony at the motion to suppress hearing.
Officer Donovan testified that at approximately 2:00 a.m. on November 8, 2002, he was on patrol on 31st Street in Lincoln Manor, an extremely high crime area, when he observed a vehicle heading east on 31st Street. Officer Donovan stated he followed the vehicle as it continued to proceed "with the left tires on the center lane." The vehicle then "swerved back to the right, almost to the shoulder." When Officer Donovan was approximately one-half block away from the vehicle, it made an abrupt U-turn in the intersection, and appeared to pick up a passenger on the corner. Officer Donovan followed the *327 vehicle as it headed west and activated his overhead lights to stop the vehicle for improper lane usage.
After the vehicle stopped, Officer Donovan started to approach the driver's side of the vehicle, until he saw the passenger, later identified as the Defendant, duck his head down several times. Because of the Defendant's erratic movements, he approached the vehicle from the passenger's side. Officer Donovan testified the Defendant was bent over with both of his hands in his jacket pockets. Officer Donovan instructed the Defendant to remove his hands from his jacket, and the Defendant complied. When Officer Donovan opened the door and asked the Defendant to exit, the Defendant complied, but put his hands back into his jacket pockets. Officer Donovan again told the Defendant to remove his hands from his pockets. When the Defendant refused, Officer Donovan reached out to grab the Defendant's hands. The Defendant then threw a brown paper bag on the grass in front of Officer Donovan. After handcuffing the Defendant, the officer picked up the bag and said, "What's in here, Cleon?" According to Officer Donovan, the Defendant replied, "I did not throw that down." Officer Donovan testified that the discarded bag contained rocks of crack cocaine.
After testimony from the police officer, the trial judge held the matter open for possible defense witnesses. Following resolution of other pre-trial ministerial issues,[2] the court re-set the open motion to suppress hearing for August 10, 2004. Prior to that date, however, on July 20, 2004, the Defendant appeared in court and, in accord with a guilty plea agreement with the State, withdrew his not guilty plea and entered a guilty plea expressly under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) and State v. Crosby, 338 So.2d 584 (La.1976). The State agreed not to multiple bill the Defendant and agreed to him receiving a four-year sentence at hard labor with credit for time served. The trial judge sentenced the Defendant in accord with the plea agreement. On November 8, 2005, the defendant filed an application for post-conviction relief seeking an out-of-time appeal, which the trial judge granted. This appeal was lodged.
On appeal, defense counsel argues that because the Defendant's plea was conditioned on his ability to obtain appellate review of the evidence suppression issue, which he cannot get due to the trial judge's failure to rule on the motion, his guilty plea is rendered involuntary and should be vacated. Defense counsel contends that the discovery of the evidence resulted from an illegal traffic stop and should be suppressed. Where, as here, the vehicle in which the Defendant was a passenger, always remained in the lane, there was no probable cause for the stop.
The State contends the Defendant has waived his right to appeal the assigned errors on the motion to suppress, because he did not obtain a ruling on his motion prior to entering his guilty plea. Further, The State argues that the record does not reflect that Defendant reserved his right to appeal any specific pre-plea ruling, particularly, the suppression issue. Therefore, it is argued that he should not be able to have his plea set aside because of his inability now to have it addressed on appeal. In support of its position that the Defendant waived appellate review, the *328 State cites State v. Braquet, 95-602 (La. App. 5th Cir.10/6/05), 694 So.2d 288.
A trial judge has the discretion to allow a guilty plea to be withdrawn at any time before sentencing. La.C.Cr.P. art. 559(A). See also, State v. Gross, 95-621 (La.App. 5th Cir.3/13/96), 673 So.2d 1058, 1059. Once a defendant has been sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-conviction relief. Gross, at 1059-1060.
The Defendant has not filed a motion to withdraw his guilty plea in the district court. However, the Louisiana Supreme Court has held that a defendant's failure to make a formal motion to withdraw a guilty plea does not prohibit a constitutionally infirm guilty plea from being set aside either by means of appeal or post-conviction relief. State v. Dixon, 449 So.2d 463, 464 (La.1984).
A plea is considered constitutionally infirm when a defendant is induced to enter the plea by a plea bargain, or by what he justifiably believes was a plea bargain, and that bargain is not kept. State v. Dixon, at 464; State v. Ebright, 04-0972 (La.App. 5th Cir.1/11/05), 894 So.2d 359, 360-361. In such cases, the defendant has been denied due process of law because the plea was not entered freely and knowingly. State v. Dixon, at 464; Accord, State v. Frisard, 566 So.2d 169, 170 (La.App. 5th Cir.1990), writ denied, 572 So.2d 61 (1991), (finding "due process may be offended both when there is a promise which is later broken and when the defendant justifiably believes that there is a promise which is later broken.")
In State v. Joseph, 03-315 (La.5/16/03), 847 So.2d 1196, the Louisiana Supreme Court stated that a defendant's failure to specify which pre-trial rulings he desires to reserve on appeal as part of a Crosby plea should not totally preclude appellate review. In Joseph, the defendant failed to specify any pre-plea ruling, but challenged, on appeal, the trial court's denial of his motions for a continuance and to suppress evidence. The Supreme Court reversed this Court's determination that the defendant failed to preserve these issues for appellate review because he failed to specify which ruling he intended to challenge when pleading guilty under Crosby. State v. Joseph, 02-717 (La.App. 5th Cir.1/14/03), 839 So.2d 103, 106, writ granted, 03-315 (La.5/16/03), 847 So.2d 1196.
The Louisiana Supreme Court held that this Court should review the motion to suppress, but did not have to review the motion to continue. The Court noted:
A defendant's failure to specify which pre-trial rulings he desires to reserve for appeal as part of a guilty plea entered pursuant to State v. Crosby, 338 So.2d 584 (La.1976), may limit the scope of appellate review but should not preclude review altogether. See Crosby, 338 So.2d at 586 ("If we are not able to afford the accused their bargained-for appellate review, we must set aside the guilty pleas. . . . because of the non-performance of the plea bargain (or the impossibility of the state to perform it) by virtue of which the plea was obtained.") . . . Absent a detailed specification of which adverse pre-trial rulings the defendant reserved for appellate review as part of his guilty plea, an appellate court should presume that the trial court permitted a Crosby reservation no broader than necessary to effectuate the underlying purpose of conditional guilty pleas, i.e., to preserve review of evidentiary rulings which "go to the heart of the prosecution's case" that a defendant would otherwise waive by entering an unqualified guilty plea. Crosby, 338 So.2d at 591. Such rulings typically include *329 denial of a motion to suppress evidence or a confession and exclude rulings which may affect the conduct of trial but "which do not substantially relate to guilt, such as the denial of a continuance or severance." Id. In the present case, to avoid jeopardizing the voluntariness of the defendant's guilty plea, the court of appeal should afford defendant review of the trial court's denial of his motion to suppress the evidence but need not address his second assignment of error relating to the trial court's denial of his motion for a continuance.
State v. Joseph, 847 So.2d at 1196-1197. Accord, State v. Jackson, 05-527 (La.App. 5th Cir.12/27/05), 919 So.2d 779, 783.
In Braquet, relied on by the State, this Court held that the defendant was not entitled to appellate review of the validity of the search warrant where the trial court did not rule on the motion to suppress before the defendant entered a Crosby plea. However, there are two important distinctions between Braquet and the instant case. First, the defendant in Braquet told the trial judge before he was sentenced that there were no outstanding motions, and that they had all been waived. In contrast, the Defendant in the present case told the trial judge numerous times that he intended to reserve his right to appellate review. Second, the defendant in Braquet did not seek to withdraw his guilty plea, as the Defendant does in the present case.
In contrast, in State v. Frazier, 618 So.2d 1217 (La.App. 5th Cir.1993), this Court held that the defendant's Crosby plea had to be set aside where the defendant entered his guilty plea based on a promise that was not kept. In agreeing to plead guilty, the defendant expressly reserved his right to appeal, but the trial court failed to rule on the defendant's motion to suppress, making appellate review impossible. The Frazier court concluded:
Since the defendant entered his plea upon the express belief that he keep his right to appeal, the plea must be set aside and the parties placed in their original positions; otherwise the defendant is not afforded his bargained-for appellate review.
Id. at 1219.
As in Frazier, the record in the present case indicates that the Defendant entered his guilty plea upon the express belief that he was reserving his right to appeal. At the inception of the colloquy, trial counsel and the Defendant told the trial judge that the Defendant tendered his guilty plea under Crosby, as well as Alford. Moreover, several times during the colloquy, the Defendant told the trial judge that he was not waiving his right to appeal. In particular, when the trial judge asked the Defendant if he understood he was waiving the right to appeal by pleading guilty, the Defendant responded: "No, ma'am. I'm not waiving my rights to an appeal."
Additionally, we note that the colloquy was somewhat confusing because the trial judge was taking the plea of the Defendant and another unrelated person, Mr. Thomas,[3] at the same time. Thomas was not entering a Crosby plea, whereas Defendant herein was. During the colloquy, as the trial judge was going over the waiver of rights with the Defendant and Thomas, she referred to the waiver of the right to appeal, and the Defendant again informed the judge he was reserving his appellate rights. The trial judge remarked: "Right, I say this so much it just comes right on out." Then, the trial judge *330 went on, addressing both Defendant and Thomas together:
[To Defendant] And you actually are reserving your right to all the things that I'm going to tell you: [To Thomas] That you're waiving your right to assert any allegation of defect, such as an illegal arrest, an illegal search and seizure,. . . .
Thus, the record establishes that the Defendant expressly pled guilty under Crosby, reserving his right to appellate review. We find the reservation of appellate review rights was an important part of the plea, evidenced by the fact that the Defendant continuously reminded the court that he was reserving his right to appeal. Further, considering the wording of the trial judge's advisement, we find support for the Defendant's position that he believed the appellate court would review his allegations of defect in the search and seizure. Appellate review is not possible in the absence of a trial court ruling on the motion to suppress. Since this Court cannot afford the Defendant his bargained for appellate review, as in Frazier, we find that the Defendant's plea, based on an impossible condition, is involuntary and must be set aside.
ERROR PATENT DISCUSSION
The Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent regardless of whether a defendant makes such a request. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir. 1990). Upon review, we find no errors requiring corrective action by this Court.
Accordingly, for the reasons assigned, we vacate the Defendant's plea and remand for further proceedings consistent with the views expressed herein.
GUILTY PLEA VACATED; CASE REMANDED.
NOTES
[1] It is noted that there is no transcript of the proceedings in the record for this date.
[2] Defendant was awaiting a return on his subpoena duces tecum and then requested more time to prepare.
[3] In the transcript herein, Mr. Thomas' first name is not provided.