MADELINE JASMINE, Judge Pro Tempore.
|2The defendant, Cleon C. Floyd, Jr., has appealed his conviction of possession of cocaine, in violation of R.S. 40:967. For the reasons that follow, we affirm.

PROCEDURAL HISTORY

This matter has a complicated and unusual procedural history. Most notably, the defendant has pled guilty to the crime charged, reserving only certain issues, as will be discussed below. He now appears before this Court on his second appeal.
On November 20, 2002, the Jefferson Parish District Attorney charged the defendant with possession of cocaine, in vio *684 lation of LSA-R.S. 40:967. On April 22, 2004, the court took up his Motion to Suppress. After hearing from the state’s witness, Kenner Police Officer Brent Donovan, the court continued the motion hearing for August 10, 2004 because the defendant stated he may want to call | ¡¡certain potential defense witnesses. The trial court did not issue a ruling regarding the Motion to Suppress.
In a special setting before the date scheduled for the remaining portion of the motion hearing, the defendant pled guilty on July 20, 2004, reserving his rights under Crosby[1] and Alford.[2] In a negotiated plea agreement, the defendant was sentenced to hard labor for four years, with credit for time served. The defendant did not initially appeal but at a later point sought an out of time appeal.
In the first appeal, this Court vacated his guilty plea and remanded to the district court. State v. Floyd, 946 So.2d 325, 330 (La.App. 5 Cir. 12/27/06). The Supreme Court of Louisiana reversed this decision and remanded the matter to the district court with instructions that the trial court complete the hearing on the Motion to Suppress and rule on the merits. State v. Floyd, 965 So.2d 865 (La.2007). The Supreme Court stated: “In the event of an adverse ruling on his motion, the trial court shall maintain the guilty plea and defendant may again appeal his conviction and sentence to the court of appeal on the basis of his original Crosby reservation.” Id.
In accordance with order of remand, on March 4, 2008, the district court completed a hearing on the Motion to Suppress. No additional testimony was taken and at the conclusion of proceedings the court formally denied the motion. The defendant was not present at this hearing, despite domiciliary service on him as well as oral notice from the court, but his counsel appeared. As per the Supreme Court’s remand, the trial court ruled adversely to defendant on the Motion to Suppress, and the defendant has appealed his conviction and sentence on the basis of his original Crosby reservation. Through counsel, he argues that the Motion to ^Suppress should have been granted. Additionally, he has filed a pro se brief listing six Assignments of Error.
The state argues the trial court correctly denied the Motion to Suppress. In addressing the pro se claims, the state responds on the merits to the first claim, but contends that all other claims were not preserved for review in the defendant’s Crosby plea and are therefore procedurally barred from appellate review.

FACTS

In the original appeal, this Court noted the following facts as established during the Motion to Suppress hearing:
Officer Donovan testified that at approximately 2:00 a.m. on November 8, 2002, he was on patrol on 31st Street in Lincoln Manor, an extremely high crime area, when he observed a vehicle heading east on 31st Street. Officer Donovan stated he followed the vehicle as it continued to proceed “with the left tires on the center lane.” The vehicle then “swerved back to the right, almost to the shoulder.” When Officer Donovan was approximately one-half block away from the vehicle, it made an abrupt U-turn in the intersection, and appeared to pick up a passenger on the corner. Officer Donovan followed the vehicle as it headed west and activated his overhead lights to stop the vehicle for improper lane usage.
*685 Alter the vehicle stopped, Officer Donovan started to approach the driver’s side of the vehicle, until he saw the passenger, later identified as the Defendant, duck his head down several times. Because of the Defendant’s erratic movements, he approached the vehicle from the passenger’s side. Officer Donovan testified the Defendant was bent over with both of his hands in his jacket pockets. Officer Donovan instructed the Defendant to remove his hands from his jacket, and the Defendant complied. When Officer Donovan opened the door and asked the Defendant to exit, the Defendant complied, but put his hands back into his jacket pockets. Officer Donovan again told the Defendant to remove his hands from his pockets. “When the Defendant refused, Officer Donovan reached out to grab the Defendant’s hands. The Defendant then threw a brown paper bag on the grass in front of Officer Donovan. After handcuffing the Defendant, the officer picked up the bag and said, “What’s in here, Cleon?” According to Officer Donovan, the Defendant replied, “I did not throw that down.” Officer Donovan testified that the discarded bag contained rocks of crack cocaine.
┴5State v. Floyd, 06-657 (La.App. 5 Cir. 12/27/06), 946 So.2d 325, 327, rehearing denied, (La.App. 5 Cir. 1/12/07), reversed by 07-0216 (La.10/5/07), 965 So.2d 865.

ASSIGNMENT OF ERROR NUMBER ONE

In his sole counseled Assignment of Error, the defendant argues that his Motion to Suppress the evidence should have been granted. He contends that the driver of the vehicle should not have been pulled over by police for a traffic violation. He further contends that it was unjustifiable for the police to order him, as a passenger, to exit the vehicle.
As the state points out in response, the Supreme Court of Louisiana has rejected such an argument in a similar case, State v. Waters, 00-0356 (La.3/12/01), 780 So.2d 1053. In Waters, the police detected the defendant’s car at 3:10 a.m. when it was veering into the right lane where it touched the fog line. A traffic stop was conducted and subsequently, marijuana was discovered. The Supreme Court concluded that the sudden and inexplicable veering provided the police with a “minimal level of objective justification.” Id. at 1057.
In this case, the police discovered the car at approximately 2:00 a.m. At the time the car was spotted, its left tires were on the center lane and shortly afterwards the car swerved to the right, almost to the shoulder. Furthermore, the car made a U-turn in an abrupt manner and is believed to have picked up a passenger off the street. Officer Donovan observed this passenger, the defendant, make erratic movements inside the car.
These facts, as established at the Motion to Suppress hearing, support the stop for improper lane usage, a violation of LSA-R.S. 32:79. Due to the defendant’s erratic activity, the officer approached on the passenger side. After he | fiwas ordered from the car, the defendant continued to put his hands in his pockets, despite instructions to the contrary. After exiting the vehicle, the defendant threw a paper bag to the ground.
Generally, the police act reasonably when they stop an automobile when they have probable cause to believe a traffic violation has occurred. Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). Additionally, following a lawful stop of a vehicle, the police are authorized to order the driver and the passenger to exit the vehi- *686 ele. State v. Smith, 07-815 (La.App. 5 Cir. 8/11/08), 982 So.2d 821, 825.
Accordingly, because we find the stop was justified and the police have authority to order the passenger to exit the vehicle, we conclude that the Motion to Suppress the evidence was correctly denied

PRO SE ASSIGNMENT OF ERROR ONE

In his first pro se Assignment of Error, the defendant argues that his Motion to Suppress was denied ex parte. The record establishes that the trial court denied the defense motion on March 4, 2008, in the absence of the defendant.[3]
The defendant was present during the initial Motion to Suppress hearing held on April 22, 2004. On remand, however, at the Motion to Suppress hearing set for March 4, 2008, the defendant was not present. The court specifically noted that the defendant had received domiciliary service and that he had also been given oral notice of the hearing. The assistant district attorney informed the court that the defendant was not in the custody of the Department of Corrections, thus establishing that he was not incarcerated at the time of the hearing.
|7At this remanded motion hearing, no witnesses were called by either the defense or the prosecution. At the end of the hearing, in compliance with the directive of the Supreme Court of Louisiana, the trial court formally ruled on the Motion to Suppress, denying said motion. The court directed that a copy of the minute entry be mailed to the defendant.
On appeal, the defendant complains of the ex parte denial of his motion. Clearly, the defendant has a constitutional and statutory right to be present at critical stages of proceedings. State v. Addison, 03-1421 (La.App. 5 Cir. 3/30/04), 871 So.2d 536, writ denied, 885 So.2d 584, 04-1291 (La.10/29/04) and LSA-C.Cr.P. art. 831. Nonetheless, the defendant’s presence is not essential under certain specific circumstances:
(1) The making, hearing of, or ruling on a preliminary motion or application addressed to the court;
(2) The making, hearing of, or ruling on a motion or application addressed to the court during the trial when the jury is not present; except as provided in Clause (4) of Article 831; and
(3) The making, hearing of, or ruling on a motion or application made after his conviction.
LSA-C.Cr.P. art. 834.
In State v. Serrato, 424 So.2d 214, 225 (La.1982), the Supreme Court reviewed a claim that neither the defendant nor his attorney was present for the court’s ruling on a Motion to Suppress. In upholding the conviction, the Court noted that although “it is better procedure for the defendant and his counsel to be present at rulings on preliminary motions, C.Cr.P. 834(1) does not require their presence.”
The Supreme Court of Louisiana has recognized that “article 834 provides that the defendant has the right to be present during the making, hearing of, or ruling on a preliminary motion or application addressed to the court. But this right ┴8may be waived by the defendant or his attorney, by his voluntary absence, or his failure to object to argument or discussion during his absence.” State v. Kahey, 436 So.2d 475, 483-84 (La.1983), emphasis added.
*687 The defendant in this case was notified of the date for his remanded Motion to Suppress hearing. When he failed to appear for the first setting of this hearing, the court reset the matter on its own motion. Despite domiciliary service and notice by telephone of the hearing date, the defendant failed to appear for the hearing on his motion. Accordingly, based on all of the foregoing, we find that the trial court’s action of denying the motion to suppress in the absence of the defendant was not error.

PRO SE ASSIGNMENT OF ERROR TWO

The defendant argues that the initial, partial “motion to suppress” hearing held on April 23, 2004 was conducted in violation of the Louisiana Constitution: therefore, this hearing should be struck from the record and a new constitutionally protected hearing held in its place. Defendant claims that the trial court’s refusal of his request to have his handcuffs removed during the hearing on the Motion to Suppress resulted in a denial of his right to full confrontation. He contends that by being restrained he was unable to access certain documents.
We find no merit to defendant’s argument. A review of the transcript indicates defendant performed a thorough and comprehensive cross-examination of Officer Donovan, the only witness called at the hearing. Further, the record reflects that an attorney was present in the court room and assisted the defendant with obtaining documents during the cross-examination. While defendant claims he was denied access to the defense files during cross examination, the record 19shows the opposite. In fact, when defendant referred to a document during cross examination, the court requested the attorney to assist and obtain the document.

PRO SE ASSIGNMENT OF ERROR THREE

The defendant argues that constitutional right to “due process” was denied, by (1) alleged “illegal destruction” of the dispatch communication (2) alleged “illegal destruction” of the traffic citation book. He contends that the dispatch communication and traffic citation books of the Ken-ner Police Department are public records and should have been preserved as public records.
Prior to pleading guilty, the defendant subpoenaed dispatch calls and tickets from the Kenner Police Department. On July 13, 2004, in a contradictory hearing, a representative from the police department testified that the requested items were no longer available. The representative stated that the audio tapes between the dispatch and the officers are only preserved for one year. Defendant was arrested on November 8, 2002. The record indicates that he attempted to subpoena these records from the police department in December 2003 and the subpoena was actually served on the department in June 2004. Further, this representative testified that defendant subpoenaed a “traffic citation book” used by Officer Donovan, such a book does not exist. The representative explained that traffic citations are given to officers in packs of ten and once all ten are issued, there is nothing left. Thus, there is no showing of an infringement of defendant’s rights as he requested the dispatch tapes after they had been discarded in the normal course of business and he requested a “ticket book” that does not exist.

\ U)PRO SE ASSIGNMENT OF ERROR FOUR

 The defendant argues the denial of due process by the Kenner Police Department alleged destruction of all field test data. As the defendant notes, at the hearing on the return of his subpoenas *688 duces tecum, no physical field test data existed. One week after this hearing, the defendant pled guilty to the crime, obviating the state’s need to prove that the substance was cocaine. As stated previously, the defendant’s guilty plea under Crosby preserved only search issues for appellate review. Notably, Crosby itself holds that a plea of guilty normally waives all non-jurisdictional defects in proceedings prior to the plea, including insufficiency of the evidence. A valid guilty plea waives the defendant’s right to question the merits of the state’s case. State, v. Bourgeois, 406 So.2d 550 (La.1981). As this Court has stated, “When defendant entered a guilty plea, he admitted factual guilt and relieved the State of the necessity to prove it by a contested trial.” State v. Landfair, 07-751 (La.App. 5 Cir. 3/11/08), 979 So.2d 619, 622.

PRO SE ASSIGNMENT OF ERROR FIVE

In his fifth pro se Assignment of Error, the defendant argues that an unconstitutional Motion to Suppress hearing was held on April 22, 2004. He essentially contends that the trial court proceeded with the hearing without material requested by the defense.
The Supreme Court remanded the matter to the trial court for completion of the suppression hearing and a ruling on the merits. Floyd, at 865. At this remanded hearing, the defendant had the opportunity to present further evidence or argument. At this hearing, the defendant could have called witnesses and/or raised his present due process arguments. In addition, defendant did not appear for the |ninitial hearing on remand. The court continued the hearing and notified the defendant of the date of the hearing by phone. Defendant was also served with notice of the hearing. Defendant did not appear at the hearing, nor did the attorney who appeared on his behalf present any further evidence or argument to the trial court. Thus, we find this Assignment of Error to be without merit.

PRO SE ASSIGNMENT OF ERROR SIX

This defendant argues the denial of due process by the Kenner Police Department: the “combined” alleged destruction of evidence that could impeach Office Donovan’s testimony. As discussed above, there was no illegal destruction of evidence.
At the time of his plea on July 20, 2004, the defendant reserved his rights under Crosby and Alford. Normally, a defendant’s guilty plea waives all non-jurisdictional defects. By tendering a plea with Crosby reservations, however, specific pretrial rulings may be preserved for review by appellate courts.[4] In tendering his plea of guilty in this case, the defendant failed to state which of many pretrial rulings he wished to challenge.
Upon entering a plea of guilty, a defendant may be allowed appellate review, if he expressly reserves his right to appeal a specific adverse ruling. State v. Landry, 02-1242 (La.App. 5 Cir. 4/29/03), 845 So.2d 1233, 1236, writ denied, 03-1684 (La.12/19/03), 861 So.2d 556.
In State v. Anthony, 07-204 (La.App. 5 Cir. 11/27/07), 971 So.2d 1219, 1222, this Court noted that in the absence of a detailed specification of which adverse pretrial rulings the defendant reserved for appellate review, an appellate | i2court should presume that the trial court permitted a Crosby reservation no broader than *689 necessary to effectuate the underlying purpose of conditional guilty pleas. Thus, any issues in this second appeal not related to the Motion to Suppress are not subject to appellate review.
In light of the hearing held on March 4, 2008, we find that the trial court complied with the remand order from the Supreme Court in that it completed the hearing on the Motion to Suppress and ruled on the merits of the search issue.

ERROR PATENT DISCUSSION

The defendant received an error patent review on his original appeal, in accordance with LSA-C.Cr.P. art. 920. He is now limited to an error patent review of the trial court’s proceedings on remand. State v. Chisley, 06-900 (La.App. 5 Cir. 4/24/07), 957 So.2d 226. A review of the proceedings on remand, reveals no errors patent.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. State v. Crosby, 338 So.2d 584 (La.1976).

. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. In brief, the defendant asserts that on January 15, 2008, counsel was asked to waive the defendant's presence. There is no transcript of proceedings from that date. Further, the minute entry does not reflect that counsel attempted to waive the defendant's presence.

. The defendant filed a counseled Motion to Suppress the confession, identification, and identification. The defendant filed a pro se motion to suppress evidence as well. The Motions to Suppress were scheduled for hearing, commencing on April 22, 2004.