PER CURIAM.[1]
_JjWrit granted. The trial court advised defendant that the sentence was deferred and that he would receive the benefit of La.C.Cr.P. art. 893. The application and supporting documents, which include the plea colloquy, show at a minimum that defendant pled guilty in the reasonable belief that the sentence was deferred and he would receive the benefit of La.C.Cr.P. art. 893. If a defendant can show that he entered his plea under the reasonable misapprehension that agreement had been reached, even if he and the state actually reached no agreement, the court must order the plea withdrawn. See State v. Dixon, 449 So.2d 463, 464 (La.1984).
Furthermore, it appears from the plea colloquy that this matter may present a case of mutual mistake in which the sentencing judge, in fact, intended to defer the sentence because he informed defendant that the sentence would be “considered to be deferred inasmuch as provided for in Article 893.” In such an event, La.C.Cr.P art. 881.1(A)(3) provides a procedure by which a person convicted of a felony may correct an error in the imposition of his original sentence regarding deferral of sentence. This article allows a defendant to file a motion to reconsider sentence for 12the sole purpose of considering whether there was “mutual mistake in *629 that the sentence imposed upon conviction pursuant to Code of Criminal Procedure Article 893 was in error and the prosecuting authority, the court, and the defendant intended that the imposition of sentence was to be deferred pursuant to Code of Criminal Procedure Article 893(E).” Article 881.1(A)(3) further provides that “[i]f the court finds that a mutual mistake exists and that defendant was in all other respects eligible for the benefits of Code of Criminal Procedure Article 893(E), the defendant shall be entitled to the benefits thereof in accordance with law.” Therefore, this matter is” remanded to the district court to determine whether a mutual mistake occurred, which ought to be corrected in accord with Article 881.1(A)(3). If, however, the sentence was not imposed as the result of mutual mistake, then the district court is directed to give defendant the opportunity to withdraw his guilty plea.
The defendant’s motion to strike the state’s opposition as untimely filed is denied. The state filed an opposition at the request of the court. The court’s request for an opposition from the state after the 15-day period provided in La.S.Ct. Rule 10 § 6 had passed is equivalent to an extension of the time for filing by order of the court. Therefore, the opposition was timely filed.
WRIT GRANTED; MOTION TO STRIKE DENIED; REMANDED.

. Johnson, C.J., would deny the writ.