# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-18

**STATE OF LOUISIANA**

**VERSUS**

**JEREMY MORRIS ERVIN**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 27817-14
HONORABLE SHARON D. WILSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*
## SYLVIA R. COOKS
## JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Van H. Kyzar, Judges.

## CONVICTIONS AFFIRMED. REMANDED FOR RESENTENCING. MOTION TO WITHDRAW GRANTED.

**Jonathan D. Blake**
**Assistant Attorney General**
**Winston E. White**
**Assistant Attorney General**
**P. O. Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6200**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Chad M. Ikerd**
**Louisiana Appellate Project**
**P. O. Box 2125**
**Lafayette, LA 70502**
**(225) 806-2930**
**COUNSEL FOR APPELLANT:**
    **Jeremy Morris Ervin**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Shortly after his release from prison, the Defendant, Jeremy Ervin, met and moved in with a woman who had two minor daughters living with her. It was alleged that Defendant had sex numerous times with both children, who were 13 and 15 at that time.

Defendant was charged with seven counts of carnal knowledge of a juvenile, in violation of La.R.S. 14:80(A)(1).[1] On March 30, 2016, after both children testified at trial that Defendant had sex with them, a jury found him guilty of five counts as charged and guilty of two counts of attempted felony carnal knowledge of a juvenile. Subsequently, the trial court sentenced Defendant to five years at hard labor on each count of felony carnal knowledge, with the sentences to run consecutively. The trial court also sentenced Defendant to two years on each count of attempted felony carnal knowledge, with those sentences to run concurrently. The trial court suspended fifteen years of the sentences and ordered five years of supervised probation upon Defendant's release. Special conditions of Defendant's probation include registration as a sex offender for fifteen years from the date of his release from prison.

Defendant filed a notice of appeal on April 26, 2016. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging there are no non-frivolous issues existing on which to base an appeal and seeking to withdraw as Defendant's counsel. Defendant has also filed a pro se brief and a supplemental pro se brief. Although his original pro se brief does not delineate specific assignments of error, we have made every effort to determine the alleged errors addressed in the pro se brief.

---

[1] Although both sisters testified that Defendant had sex with them on numerous occasions, the only charges brought against Defendant pertained to his crimes against the younger sister.

We find Defendant's assignments of error lack merit and affirm Defendant's convictions. We further grant appellate counsel's motion to withdraw. However, we find Defendant's sentences must be vacated and remand the case for resentencing as discussed below.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find three errors patent, two of which concern Defendant's sentences.

First, we find Defendant's sentences are indeterminate. When sentencing Defendant, the judge stated:

> As it related to the five counts of carnal knowledge of a juvenile, at this time I will sentence you to five years with the Department of Public Safety and Corrections on each count. And that time will run consecutive for a total of twenty-five years with the Department of Public Safety and Corrections. And on the charge of attempted carnal knowledge of a juvenile, I will sentence you to two years on each count. That two years will run concurrent. Of that twenty-five years, I will suspend fifteen. And after you serve the first ten, when you are released, you will be released on five years of supervised probation.

A similar issue was before this court in *State v. Verret*, 08-1335 (La.App. 3 Cir. 5/6/09), 9 So.3d 1112. For each of four counts of negligent homicide, the defendant was sentenced to five years to run concurrently. The court then stated it was "ordering that [the defendant] serve four years of this sentence and that one year of the sentence be suspended." *Id.* at 1113. The defendant was placed on probation for four years. In addressing the patent sentencing error, this court stated:

> The trial court unequivocally imposed a five-year sentence on each count to run concurrently. When it ordered suspension of one year and discussed the terms and length of probation, however, the trial court only referred to one sentence. Insofar as the trial court failed to specify to what counts the suspension and probationary period applied, the trial court imposed indeterminate sentences.
>
> This court addressed a similar issue in *State v. Morris*, 05-725, p. 9 (La.App. 3 Cir. 12/30/05), 918 So.2d 1107, 1113, wherein it

3

found that "[t]he trial court imposed indeterminate sentences because it suspended the sentences and placed Defendant on five years of supervised probation without specifying to which count or counts the probation applied." In *Morris*, 918 So.2d 1107, the court quoted from *State v. Taylor*, 01-680, p. 2 (La.App. 3 Cir. 11/14/01), 801 So.2d 549, 550:

> After suspending five years of the defendant's eight-year sentence and the totality of the six-year sentence, the trial court imposed a five-year supervised probation period. It is unclear, however, to which sentence this probation period applies or whether it applies to each. Thus, the sentences are indeterminate and in violation of La.Code Crim.P. art. 879, which provides: "If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence."

> Finding the defendant's sentences indeterminate, we vacate the sentences and remand this matter to the trial court for the imposition of determinate sentences. In doing so, we instruct the trial court to specify whether the periods of probation are to be served concurrently or consecutively and upon what point the probated sentences begin as to each count. *See* La.Code Crim.P. art. 883.

> Accordingly, we vacate the sentences on the grounds they are indeterminate and remand the case for resentencing. Upon remand, if any periods of probation or suspension are imposed, the trial court is instructed to specify to which count(s) they apply.

*Verret*, 9 So.3d at 1113-14.

Accordingly, we must vacate Defendant's sentences for felony carnal knowledge of a juvenile and attempted felony carnal knowledge of a juvenile and remand the case for resentencing with the trial court being instructed that if any periods of suspension or probation are imposed, it must specify to which count(s) they apply. Additionally, the sentences imposed for attempted carnal knowledge of a juvenile are indeterminate due to the trial court's failure to specify whether they are to be served with or without hard labor. *See* La.R.S. 14:27 and 14:80. Thus, when resentencing Defendant, the trial court should specify whether the sentences for attempted felony carnal knowledge of a juvenile are to be served with

4

or without hard labor. *See State v. Chehardy*, 12-1337 (La.App. 3 Cir. 5/1/13), 157 So.3d 21.

Finally, the record before this court does not indicate that the trial court advised Defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Thus, the trial court is directed to inform Defendant of the provisions of Article 930.8 at resentencing.

## PRO SE ASSIGNMENT OF ERROR NO. 1

In this assignment of error, Defendant claims he "was violated by being made to start trial March 28, 2016." He states he believed he would get a continuance of his trial on that date. The record shows Defendant sought and was granted a continuance on December 7, 2015, on grounds that his defense preparation was not complete. Court minutes also show defense counsel requested a continuance on March 28, 2016, but the State objected. The trial court denied the motion. Court minutes do not indicate Defendant objected to the trial court's ruling. This issue is not proper for appeal absent a contemporaneous objection. La.Code Crim.P. art. 841.

Defendant also argues some of his witnesses, who should have been subpoenaed for trial, could not be found because of the severe flooding of the Sabine River in their area at that time. While he does not identify these alleged witnesses, he does argue that testimony of the members of a family who lived with him and his family "would have been very important on the day of trial." However, he does not state what their testimony would have been or show how it would have impacted his defense.

Defendant's pro se brief states the trial of his wife/co-defendant, scheduled for the same day as his, was postponed. It also states the trial judge performed the marriage ceremony of his alleged victim "in her chambers just months before

5

trial." However, Defendant's brief fails to state how these circumstances impacted his ability to receive a fair trial or how they prejudiced him.

## PRO SE ASSIGNMENT OF ERROR NO. 2

Defendant alleges his trial counsel was unprepared for trial and failed to cross-examine witnesses. However, contrary to this assertion, the record shows defense counsel did, in fact, cross-examine nine witnesses, including the victim and the victim's sister. Defendant fails to suggest anything additional his counsel should have done in trial preparation, and he fails to identify additional witnesses he thinks should have been subject to cross-examination, what his counsel should have asked, or what evidence further questioning would have produced.

## PRO SE ASSIGNMENT OF ERROR NO. 3

Defendant contends Jeanise Bolling should not have been allowed to serve on the jury because she had worked with one of the witnesses, Melissa Vincent, who testified on behalf of the Department of Child and Family Services (DCFS). The record shows Ms. Bolling's brother worked in law enforcement. The trial judge asked Ms. Bolling:

> if at the close of the evidence you felt like the State had not proven it's [sic] case beyond a reasonable doubt could you return a verdict of not guilty and then see your brother at your mama's house and have him ask you about it, would that be entering into your mind?

Ms. Bolling replied, "No, ma'am, it would not."

Ms. Bolling had previously served as a juror in a case dealing with carnal knowledge of a juvenile. In that case, the jury "found the gentleman not guilty" based on the evidence at trial, "just based upon the facts, the evidence that was given" to the jury. The victim had changed her testimony "several times just within a matter of three days." Additionally, the defendant had physical problems the jury felt would prevent him from doing the acts of which he was accused. Ms. Bolling agreed with the verdict.

6

Defense counsel accepted Ms. Bolling as a juror. Later, during the trial and after Ms. Vincent had testified, the State's counsel told the trial court he had just learned Ms. Bolling worked with Ms. Vincent. Defendant's counsel replied, "I don't have a lot of concern, Your Honor, because I think her testimony was limited to practices and procedures of the office." Counsel noted she "had objected to any particular findings obviously. It would be different if the testimony had gone further." The trial court thought "Ms. Bolling would have told [the court] if it caused her any concern," and it found Ms. Bolling "very forthcoming."

Defendant argues other DCFS witnesses testified, namely Erica Simon and Cassie Grenton. However, he offers no evidence to suggest Ms. Bolling ever worked with them. Defendant also states Ms. Bolling lied about her past employment on her jury questionnaire, which he attached to his pro se brief. The questionnaire asks only for current employment information, not for an employment history.

Defendant not only made no objection to Ms. Bolling remaining on the jury, his counsel expressed her agreement with the trial court's decision. Defendant has shown no reason why Ms. Bolling could not be a fair and impartial juror, and he has shown no prejudice to him by her presence on the jury.

### PRO SE ASSIGNMENT OF ERROR NO. 4

In this assignment of error, Defendant disputes the evidence presented at trial. The factfinder's role is to weigh the credibility of witnesses. *State v. Ryan*, 07-504 (La.App. 3 Cir. 11/7/07), 969 So.2d 1268. The jury, the factfinder here, weighed the credibility of the witnesses, including that of Defendant and of the victim, and based the verdict on its evaluation. We find nothing in the record to indicate the jury abused its discretion in its role as factfinder.

7

## PRO SE SUPPLEMENTAL BRIEF ASSIGNMENT OF ERROR

Defendant received permission from this court to file a supplement to his appellate brief, in which he asserts one additional assignment of error contending his counsel was ineffective for allowing the trial court to proceed with two pre-trial hearings where he was denied his Sixth Amendment right to confront adverse witnesses.

The issue of ineffective assistance of counsel is more appropriately addressed in an application for post-conviction relief, where an evidentiary hearing can be conducted in the trial court. *State in the Interest of A.B.*, 09-870 (La.App. 3 Cir. 12/9/09), 25 So.3d 1012. However, where an ineffective assistance claim is raised on appeal, this court may address the merits of the claim if the record discloses sufficient evidence to rule on it. *Id*. If this court considers a claim of ineffective assistance of counsel on appeal, Defendant must satisfy a two-part test. He must first show counsel's performance was deficient and next, that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). We find the record here, which includes both transcripts of the two referenced pre-trial hearings, is sufficient to rule on Defendant's supplemental pro se claim.

Louisiana Code of Civil Procedure Article 831 sets out the proceedings at which a defendant in a felony matter must be present. Those proceedings do not include pre-trial motions. Additionally, La.Code Crim.P. art. 834(1) specifically states a defendants "presence is not essential to the validity of . . . [t]he making, hearing of, or ruling on a preliminary motion or application addressed to the court[.]" A defendant waives his right to be present during pre-trial rulings where he fails to appear for the hearing after proper notice. *State v. Floyd*, 08-746 (La.App. 5 Cir. 1/13/09), 7 So.3d 682, *writ denied*, 09-764 (La. 1/29/10), 25 So.3d 824. "[T]his right may be waived by the defendant or his attorney, by his

voluntary absence or his failure to object to argument or discussion during his absence." *State v. Kahey*, 436 So.2d 475, 483 (La.1983).

Defendant had the right to be present at the November 21, 2014 and the January 13, 2015 hearings. Although the cover page of the transcript states he was present, the colloquy indicates he was not. Motions to sever, to increase bond, and to admit other crimes evidence were set for hearing on the initial date. The trial judge stated he "did not feel comfortable going forward with" the motions without Defendant being present. He did hear, consider and grant the motion to sever without objection from Defendant's attorney. A deputy clerk testified seven notices of the hearing were sent to the address on Defendant's bond with no return. The trial court granted the State's request for a bench warrant over defense counsel's objection. The hearing was reset for January 13, 2015.

On December 4, 2014, Defendant appeared in the trial court in response to the bench warrant. The trial court recalled the warrant and notified Defendant the hearing was fixed for January 13, 2015 at 1:30 p.m.

On that date, defense counsel was there, but Defendant was not present until later in the hearing. The trial court issued another bench warrant and ordered Defendant to be held without bond. Defense counsel informed the trial court Defendant had been incarcerated in the Sulphur city jail. Counsel stated he had tried to contact Defendant there, but Defendant was not shown on the jail roster. The trial court proceeded with the hearing on other crimes evidence, and defense counsel waived Defendant's presence.

During the hearing, the trial judge noted, "The record will reflect that [Defendant] has entered the courtroom." Testimony was complete at that point and defense counsel was in the process of arguing why he believed the motion should be denied. Neither Defendant nor his counsel requested a break to apprise

9

Defendant of what had taken place. The trial court granted the motion and ruled the other crimes evidence admissible at trial.

After the ruling, the trial judge asked Defendant why he was late. Defendant responded that he had no vehicle and no phone. He stated he "got dropped off on the other side of the bridge" and walked the rest of the way to the courthouse. Defendant also told the judge he had filled out paper work at 7:30 a.m. that morning, and planned to start work the next day. The trial judge then recalled the bench warrant, proceeded with the hearing on the motion to increase bond, and denied the State's request.

A review of the record indicates Defendant received proper notice of the hearing in open court on December 4, 2014. He subsequently failed to contact the court or his attorney to explain any supposed difficulty in getting to the hearing. Once he arrived he asked no questions of the court or his attorney to indicate his objection to allowing the other crimes evidence. Moreover, as this is an ineffective assistance of counsel claim, Defendant must show how counsel was deficient and how that deficiency prejudiced him. *Strickland*, 466 U.S. 668. Defendant has not offered any argument to show what counsel should have done, what he should have presented to defend the motion, or how he was prejudiced by any failure on counsel's part. Thus, Defendant has failed to meet the standard necessary to prove ineffective assistance of counsel.

***ANDERS* ANALYSIS**

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*, 386 U.S. 738:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review

10

of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Benjamin*, 573 So.2d at 531.

While it is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" the *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983), and quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241 (citing *United States v. Pippen*, 115 F.3d 422 (7th Cir. 1997). Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "'a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.'" *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Pursuant to *Anders*, 386 U.S. 738, and *Jyles*, 704 So.2d 241, Defendant's appellate counsel filed a brief requesting an error patent review. He correctly noted the victim and another witness testified they had sex with Defendant, thirty years old at the time, before they were seventeen. Thus, the evidence was

11

sufficient to establish the elements of the charges against Defendant. The jury was free to make its own credibility determinations and accept or reject in whole or in part any portion of a witness's testimony. Counsel noted Defendant had objected to the trial testimony of Dr. Earl Soileau, but after researching the issue, counsel determined the trial court correctly overruled the objection. Counsel considered other objections made by Defendant at trial. Although he contends some of the rulings may have been legally incorrect, he asserts the admission of the contested evidence was harmless error that would not have affected Defendant's right to a fair trial.

Finally, counsel considered an excessive sentence argument. He determined the terms imposed were less than half the maximum allowable sentence. Further, the trial court suspended fifteen years of the sentence so that Defendant will serve only ten years at hard labor on these seven offenses. Counsel concluded he could not make a non-frivolous argument that Defendant's sentences represented an abuse of discretion by the trial court. Accordingly, counsel seeks to withdraw.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and have confirmed the statements by counsel. Defendant was present and represented by counsel at all crucial stages of the proceedings. The verdicts were correct. The legality of the sentences is discussed in the Error Patent section above.

In reviewing the transcripts to determine if any ruling provides an arguable basis for appeal, we note a number of objections by defense counsel, some of which were mentioned by counsel in his brief. However, we agree with counsel that none of the rulings supports a non-frivolous issue to raise on appeal.

Defendant used his peremptory challenges to strike six potential jurors. Louisiana law provides a defendant contesting the trial court's ruling on a

12

challenge for cause must prove the denial of the challenge was error, and he must show he used a peremptory challenge to remove the juror at issue. *State v. Dorsey*, 10-216 (La. 9/7/11), 74 So.3d 603, *cert. denied*, 566 U.S. 930, 132 S.Ct. 1859 (2012). Without that showing, a defendant waives his right to raise the issue on appeal. *Dorsey*, 74 So.3d at 623 (citing *State v. Blank,* 04-204 (La. 4/11/07), 955 So.2d 90, *cert. denied*, 552 U.S. 994, 128 S.Ct. 494 (2007)).

Defendant made a challenge for cause regarding one potential juror. The trial court denied the challenge, and Defendant used a peremptory challenge to excuse her from the jury. He made no other challenges for cause. Thus, Defendant would have no basis for a non-frivolous argument on appeal regarding the denial of his cause challenge.

Defendant made a proffer of a diary entry written by the victim when she was ten years old in which she said she was raped by her mother's former fiancé. Defendant sought to introduce the document as impeachment evidence "because that diary entry makes a reference to the word rape." The victim, however, testified she was molested, not raped, by the man. At sentencing, the trial judge found the victim to be "extremely credible." We find Defendant could not present a non-frivolous issue concerning the proffered document.

In a hearing of a pre-trial motion dealing with other crimes evidence, the trial judge ruled she would allow the victim's sister to testify about similar acts Defendant committed upon her. After an extensive hearing, the trial judge held the allegations of the victim's sister were "extremely analogous" to those of the victim, and the State met its burden under La.Code Evid. arts. 404 and 412. We find the trial court correctly allowed this testimony, and Defendant could not make a non-frivolous argument regarding the trial judge's ruling.

Our review of the record reveals no issues that would support an assignment of error on appeal beyond the potential issues addressed by counsel and the issues

raised in the pro se assignments of error. Therefore, we grant appellate counsel's motion to withdraw.

## DECREE

For the foregoing reasons, we grant appellate counsel's motion to withdraw and affirm Defendant's convictions. However, we vacate Defendant's sentences and remand the case for resentencing with the trial court being instructed that if any periods of suspension or probation are imposed, it must specify on which count(s) they are imposed. Additionally, we instruct the trial court to specify whether the sentences imposed for attempted felony carnal knowledge of a juvenile are to be served with or without hard labor. Finally, at resentencing, we direct the trial court to inform the Defendant of the provisions of La.Code Crim.P. art. 930.8.

**CONVICTIONS AFFIRMED. REMANDED FOR RESENTENCING. MOTION TO WITHDRAW GRANTED.**