Judge Daniel L. Dysart
| garren Foster appeals a judgment of the trial court granting the State’s Motion to Correct an Illegal Sentence. For the reasons that follow, we reverse the ruling of the trial court and remand for further proceedings.
BACKGROUND:
Darren Foster was charged by bill of information on December 23, 2013, with one count of possession with intent to distribute marijuana, a violation of La. R.S. 40:966 A(2). He initially entered a plea of not guilty. Foster failed to appear three times for various stages of his prosecution, with the trial court forfeiting his bond and issuing warrants for his arrest each time. On April 16, 2015, the State offered Foster a plea of fifteen years in the custody of the Department of Corrections, which he declined. A trial date was set, but Foster again failed to appear and a bond forfeiture was granted and a warrant was issued.
Foster was arrested on the warrant on May 11, 2016. On May 19, 2016, the State filed an additional bill of information *441 charging Foster with one count of bail jumping on a felony case, a violation of La. R.S. 14:110.1 C. Following an |?arraignment on the new charge, and a plea of not guilty, the trial court granted Foster’s motion to leave the jurisdiction. On July 8, 2016, new plea negotiations transpired, and a trial date of August 23, 2016 was set.
On that date, the State placed in the record the following plea offer: “The State is offering fifteen years to Mr. Foster as to both cases. That will be concurrent as a no bill.” Two years was offered on the bail jumping charge. Foster answered in the affirmative when asked if he understood the plea agreement. However, when asked if he accepted it, he replied: “Pretty much .... Yes, I was hoping I can stay out a little longer.” He then asked the court “[i]s there any way I can be considered for some type of probation?” The State interjected that it had no objection to the court recommending any and all programs for the defendant. Court was reset for August 29, 2016.
On August 29, the trial court first advised Foster as to his Boykin[1] rights. Foster, through counsel, withdrew his plea of not guilty as to both counts, and entered a plea of guilty to possession with intent to distribute marijuana and to bail jumping. The court then questioned Foster as to whether his pleas were entered knowledgeably, and advised him as follows:
Do you understand the sentencing range with respect to the possession with intent to distribute marijuana is five to thirty years, and that your sentence will be fifty [sic] years to the Department of Public Safety and Corrections, to be served via Home Incarceration, pursuant to Code of Criminal Procedure, Article 894.2?
[[Image here]]
And do you understand that your sentence will be two years Department Safety and Corrections, with credit for time served, to be |,.¡served via Home Incarceration, pursuant to Code of Procedure, Article 894.2?
Foster responded in the affirmative. After he was again informed of all of the consequences of pleading guilty, Foster, his counsel and the judge signed the Felony Waiver of Constitutional Rights Plea of Guilty Form. The completed form reads in part:
I understand that my sentence in this case will be 15 years DOC with home incarceration pursuant to Criminal Code Art. 894.2, must provide current address, must continue working, must provide pay check stubs and, work schedule, at monthly court dates, must drug test at monthly court dates, must pay a supervision fee, must have an ankle monitor, court costs $337, .... can leave the house to go to work and church, must provide address and name of church.
Foster’s plea was accepted as having been entered knowingly, intelligently and voluntarily. He waived all delays and the -trial court imposed the sentence, additionally stating:
So, Mr. Foster, the court as [sic] opposed to sending you to the Department of Public Safety and Corrections Facility, based on the information that has been provided at the various hearings, in terms of your working, in terms of your work record, in terms of your life, you haven’t gotten any new arrests since the charges, the Court deems that it is—let me get the right language.
So, pursuant to Code of Criminal Procedure 894.2(A)(3), the Court determines *442 that Home Incarceration is more suitable than imprisonment, or supervised probation, without home incarceration, and that would serve the best interest of justice.- So, at this time, the Court orders Home Incarceration in lieu of a term of imprisonment.
On September 1, 2016, the State filed the subject Motion and Order to Correct Illegal Sentence 'pursuant to La. Code Crim. Proc. art; 882. Despite being present during the sentencing hearing and not objecting to the sentence imposed, the State argued that Foster was not eligible to be sentenced -pursuant to La. Code Crim. Proc. art. 894.2, as he did not meet the criteria for being sentenced to home incarceration; Specifically, Foster was not eligible for probation-as he had pleaded Lguilty to a charge which required a sentence at hard labor. La. Code Crim. Proc. art. 894.2 A(1). Further, the maximum period of time allowed for home. incarceration in felony cases is four years. La. Code Crim. Proc. art. 894.2 H. The State contends that it never recommended that Foster’s sentence be served under home incarceration. La. Code Crim. Proc. art. 894.2 A(2)(b).
After a contradictory hearing at which defense counsel argued that Foster should be allowed to withdraw his plea of guilty, the State argued that Foster’s plea agreement was clear, and- the additional conditions offered by the trial court were separate from the actual plea agreement signed by Foster. The trial court granted the State’s motion, stating:
... [T]his Court was amenable to a plea agreement of fifteen years D.O.C.; however, I indicated on the'Record that I felt that it would be best served through home incarceration. Now, when we discussed this plea agreement I have to be very -clear, the State was very clear about its position and plea offer, which is reflected in the record prior to Mr. Foster entering the guilty plea .... It’s fifteen'year to Department of Public Safety and Corrections.
...[T]he law is the law in this case...I basically put myself out there trying to impose the home incarceration.
Foster now appeals that ruling of the trial court.
DISCUSSION:
Foster’s sole assignment of error is that the trial court erred in not allowing him to withdraw, his pleas of guilty. He argues that he was induced into accepting the plea agreement as he understood his sentence-was to.be served -under home incarceration. [2]
A recent decision of this Court discusses constitutionally infirm guilty pleas. In State v. Allah, 16-0952, pp. 8-9 (La.App. 4 Cir. 4/12/17), 216 So.3d 162, 168, we stated:
I tilt is well established that a trial court. ' may set aside a guilty plea and sentence when the facts surrounding the guilty plea show it to be constitutionally deficient. State v. Smith, 406 So.2d 1314 (La. 1981). A guilty plea is constitutionally infirm when a defendant is induced - to enter that plea by what he justifiably believes was a plea bargain, and that bargain is not kept. State v. Dixon, 449 So.2d 463 (La. 1984). As the Court further noted:
This court has consistently permitted a constitutionally infirm guilty plea to be withdrawn after sentencing by way of- appeal or- post conviction relief. State v. Hayes, 423 So.2d 1111 (La. 1982), and cases cited therein. It is by now settled law that a guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a *443 plea bargain or by what he justifiably believes was a plea bargain, and that bargain is not kept. In such a case a defendant has been denied due process of law because the plea was not given freely and knowingly. State v. Hayes, supra; State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La. 1982); State v. Jones, 398 So.2d 1049 (La. 1981); State v. Neitte, 363 So.2d 425 (La. 1978); State ex rel. Clark v. Marullo, 352 So.2d 223 (La. 1977).
Dixon, 449 So.2d at 464.
Further, in State v. Epperley, 14-0259, p. 20 (La.App. 4 Cir. 10/2/14), 151 So.3d 721; 735, this Court stated:
A guilty plea is constitutionally infirm when the terms of the plea agreement are not honored. State v. LaGarde, 618 So.2d 545, 546 (La.App. 4th Cir.1993); State v. Dixon, 449 So.2d 463, 464 (La. 1984). When a plea agreement is breached, the defendant has the option of specific performance of the agreement or nullification or withdrawal of the plea. State v. Solomon, [20]11-0236, pp. 5-6 (La.App. 4 Cir. 11/23/11), 80 So.3d 605, 608 writ granted in part, 12-0202 (La. 6/22/12), 90 So.3d 1040.
The State argues that Foster agreed to the fifteen-year sentence on August 23, 2016, and that the sentence should be enforced.
Our review of the entire record, in particular the August 23, 2016, transcript reflects that Foster- did not unconditionally accept the plea as. offered. This is evidenced by his request to “stay out a little longer.” The trial court explained toRhim that it was working toward helping him remain in the community, and would look into whatever, programs were available for it to recommend.
The transcript of the August 29, 2016 hearing and the Felony Waiver of Constitutional Rights Plea of Guilty form, demonstrate that Foster was influenced by the offer of home incarceration when he entered his guilty plea. Foster- does not argue that he is entitled by statute to home incarceration; rather, he argues that he should be allowed to withdraw the plea under these circumstances, and to renegotiate another plea or go to trial, We agree.
It is clear that Foster entered a guilty plea based on the trial court’s representations that he would be allowed to serve his sentence under home incarceration. We therefore find that his guilty plea is unconstitutionally infirm, and reverse the ruling of the trial court granting the State’s Motion and Order to Correct Illegal Sentence. This,matter is remanded for further proceedings.
REVERSED AND REMANDED

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. A review of the record for errors patent reveal's none.