JUDGE SANDRA CABRINA JENKINS
*917 Relator/defendant, Antonio Gallagher, seeks supervisory review of the district court's February 21, 2018 ruling denying his motion to withdraw guilty plea and motion for evidentiary hearing. For the following reasons, we vacate the district court's ruling and remand to district court Section "G" for an evidentiary hearing on defendant's motion to withdraw guilty plea.
PROCEDURAL BACKGROUND
On April 1, 2014, defendant was charged by bill of information with possession with intent to distribute cocaine, a violation of La. R.S. 40:497(B)(1).[1] On April 4, 2014, defendant appeared for arraignment and entered a plea of not guilty. Defendant filed a motion to suppress statements and evidence, inventory of discovery, and motion to compel production of discovery and exculpatory information. On May 8, 2014, defendant appeared with counsel for hearing on motions, which was continued on joint motion to allow additional time to work on a plea agreement. On May 14, 2014, defendant appeared for hearing with counsel and declined the plea offer from the State.
On September 2, 2014, defendant was released on bond; but, defendant subsequently failed to appear for a hearing to determine counsel. When defendant did not appear at the bond forfeiture hearing, held on September 15, 2014, the district court granted the bond forfeiture and issued an alias capias. On April 11, 2016, defendant was arrested pursuant to the capias.
On December 9, 2016, defendant signed a written agreement with the State, entitled "Memorandum of Understanding" ("MOU"). Under the terms of the MOU, defendant agreed to plead guilty as charged and to obligate himself to further terms and conditions; in exchange for his guilty plea, and "upon successful completion" of defendant's obligations set forth therein, the State agreed to waive all minimum mandatory sentences for the charged offense and to request a sentence of 15 years, suspended, with five years active probation. In addition, the MOU provided that defendant's refusal to comply with his obligations under the agreement would result in the cancellation of the State's obligations. The MOU was signed by defendant, his defense counsel, and an assistant district attorney.
On that same date, December 9, 2016, defendant appeared before Section "A" with counsel, withdrew his prior plea of not guilty, and entered a plea of guilty as charged. The record reflects that the State informed the district court that defendant was pleading guilty in exchange for an agreed-upon sentence of 15 years suspended, five years active probation, and no multiple bill in this case. The transcript of the hearing does not reveal any mention of the terms and conditions of the MOU agreement between defendant and the State. The district court then questioned defendant with regard to the waiver of his constitutional rights, pursuant to Boykin ,[2] and accepted defendant's plea as being knowing, intelligent, and voluntary. The district court then released defendant pending sentencing, which was set for February 3, 2017.
On February 3, 2017, defendant failed to appear for sentencing; and the district court issued an alias capias. On June 26, 2017, defendant was arrested pursuant to *918 the capias. On July 14, 2017, defendant appeared for sentencing and requested a continuance, which was granted by the district court.[3]
On October 27, 2017, defendant filed a motion to withdraw guilty plea and a motion to set matter for evidentiary hearing. The State filed a response on November 20, 2017. On January 12, 2018, the parties appeared for a hearing on defendant's motions. At the hearing, defense counsel sought to call defendant's prior counsel, who was presently serving as the district court's law clerk, as a witness in support of the motion to withdraw guilty plea. After discussion with the district court, regarding the basis for defendant's motion to withdraw guilty plea and defense counsel's intent to call defendant's prior counsel as a witness, the district court recused itself and ordered the case to be re-allotted for a hearing on defendant's motion to withdraw guilty plea. Thereafter, defendant's motion to withdraw guilty plea was re-alloted to Section "G."
On February 21, 2018, Section "G" heard arguments regarding defendant's motion to withdraw guilty plea. Following argument, the district court denied defendant's motion to withdraw guilty plea. Defendant objected and noticed his intention to seek supervisory review.
Defendant timely filed the instant writ application and requested a stay of sentencing, which was granted by this Court. Subsequently, this Court ordered a response from the State, which filed its opposition to defendant's writ on May 1, 2018.
DISCUSSION
Defendant now seeks review of the district court's denial of his motion to withdraw guilty plea and motion for evidentiary hearing. Defendant argues that his guilty plea was constitutionally infirm because he was induced to plead guilty by the plea bargain (a 15 year sentence, suspended, five years active probation, and no multiple bill in this case), which the State has not upheld. Defendant argues that he entered his guilty plea based on his understanding of the terms of the contractual MOU agreement, which he asserts he upheld; and he argues that the State has the burden to prove defendant's breach of the MOU agreement before cancelling its own obligation to uphold the plea bargain. Defendant further argues that he is entitled to an evidentiary hearing at which he can present testimony to show the constitutional infirmity of his guilty plea due to vice of consent in entering the MOU agreement.
Pursuant to La. C.Cr.P. art. 559, [t]he court may permit a plea of guilty to be withdrawn at any time before sentence." However, there is "no absolute right to withdraw a previously entered plea of guilty." State v. Pichon , 96-0886, p. 2 (La. App. 4 Cir. 11/20/96), 684 So.2d 501, 502. "The withdrawal of a guilty plea is within the discretion of the trial court, and is subject to reversal only if that discretion is abused or arbitrarily exercised." State v. Rhea , 04-0091, p. 3 (La. App. 4 Cir. 5/19/04), 876 So.2d 131, 133-34 (citing State v. Johnson , 406 So.2d 569 (La. 1981) ).
For a guilty plea to be valid, the record must show that defendant was informed of and waived his constitutionally guaranteed right to trial by jury, right of confrontation, and right against compulsory self-incrimination. Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) ;
*919 State ex rel. Jackson v. Henderson , 260 La. 90, 255 So.2d 85 (1971). "However, the entry of a knowing and intelligent plea of guilty involves more than an understanding and waiver of the basic triad of rights." Rhea , 04-0091, pp. 3-4, 876 So.2d 131, 134. "In determining whether the defendant's plea is knowing and voluntary, the court must not only look to the colloquy concerning the waiver of rights, but may also look at other factors which may have a bearing on the decision." Pichon , 96-0886, p. 2, 684 So.2d at 503.
In the present case, the transcript of the guilty plea colloquy, on December 9, 2016, shows that defendant agreed to plead guilty as charged in exchange for an agreed-upon sentence of 15 years, suspended, with five years active probation, and an agreement that the State would not file a multiple bill in this case. The transcript reflects that defendant was properly informed of and waived his constitutional rights pursuant to Boykin . However, we note that the district court did not inform defendant of the possible sentence he could receive if found guilty of the charged offense or that he could receive a life sentence if the State filed a multiple bill and he were found guilty and sentenced as a quadruple offender. In addition, we note that the guilty plea transcript does not indicate any terms and conditions of the MOU agreement between defendant and the State.
In his motion to withdraw guilty plea, defendant does not argue that his plea was not knowingly and intelligently made pursuant to Boykin . Rather, defendant argues that his guilty plea was constitutionally infirm because he was induced to plead guilty by a plea bargain that was not kept by the State. Defense counsel explained defendant's argument and allegations at the first hearing on defendant's motion to withdraw guilty plea and motion for evidentiary hearing before Section "A"; the transcript of that January 12, 2018 hearing reflects the following:
THE COURT:
And your motion is to withdraw the guilty plea based on?
DEFENSE COUNSEL:
Based on it not being knowingly, intelligently, and voluntarily made. And in addition to that based upon there needing to be a determination of fact whether or not a breach occurred in the contract that was ancillary to that plea agreement.
THE COURT:
Okay.
DEFENSE COUNSEL:
And so, Your Honor, with all that being said I did --
THE COURT:
Because I don't think he's entitled to have his plea withdrawn, but in the other sense I just assume (sic) him -- -- because I really don't think there is some clear understanding going on with your client. He was at large after a guilty plea awaiting sentencing cooperating with the authorities, and he made that agreement with the State. And now he's saying he didn't understand an ancillary agreement, but you're asking to withdraw. So he's due for sentencing today.
DEFENSE COUNSEL:
He is due for sentencing.
THE COURT:
On his guilty plea with this Court which would be a fifteen year sentence as he agreed to as a double offender; am I correct?
DEFENSE COUNSEL:
That's correct, Your Honor.
THE COURT:
From everything I've reviewed, because I've reviewed - *920 DEFENSE COUNSEL:
And so -- go ahead.
ASSISTANT D.A. (THE STATE):
And actually. Judge, I just want to clarify that I think the original plea agreement was for a suspended sentence. Mr. Gallagher is actually a quadruple offender. Mr. Gaudin -
THE COURT:
It was going to be suspended with his cooperation,
THE STATE:
Yes, and if Mr. Gallagher wanted to -
THE COURT:
And without cooperation his sentence would be fifteen years.
THE STATE:
Yes, but now he's eligible for a quadruple bill.
DEFENSE COUNSEL:
And, Your Honor, that's part of the issue is whether it was clear in that contract that that was the agreement, and so that determination of fact is up to Your Honor.
THE COURT:
But I think what he pled to with the Court was a fifteen year sentence.
DEFENSE COUNSEL:
Suspended, Judge, and with five years' probation.
THE STATE:
Subject to him cooperating.
DEFENSE COUNSEL:
Right.
THE COURT:
And he's picked up on new charges?
DEFENSE COUNSEL:
No.
THE STATE:
Well, so subject to him cooperating, but also I think there's a clear provision in the Memorandum of Understanding which says he also agrees to attend any and all court settings which the Record clearly shows he didn't do because Your Honor issued a capias for him.
THE COURT:
Because he didn't come to court.
THE STATE:
And then several months went by, and the only reason he's back now is because he was arrested.
THE COURT;
On the capias or a new charge?
THE STATE:
On Your Honor's capias. There was no new charge as far as I'm aware of.
THE COURT:
Okay, all right.
DEFENSE COUNSEL:
And, Your Honor, all that has to do with the facts that will be presented at a hearing to determine whether or not he agreed upon -- if he complied with and did do his part in the agreement that was made between he and the State. And that can only be determined by calling people who were privy to that information.
THE COURT:
What's interesting about that is you're calling his prior lawyer, which is my law clerk, instead of calling the federal agent that he was supposed to be cooperating with.
DEFENSE COUNSEL:
Well, Your Honor, it was my intention to file a motion to recuse on the basis that that may be an issue with this Court in making a determination about the details of that contact.
THE COURT:
But you have not filed a motion to recuse.
DEFENSE COUNSEL:
*921 Your Honor, may we approach?
THE COURT:
Not yet. I'm putting his business on the street because that's what we need to talk about.
DEFENSE COUNSEL:
Right, and it was my request to the Court to have this done at a closed setting because of the sensitive nature of it.
THE COURT:
Absolutely not because apparently the problem now is there was a closed, in chambers discussion apparently off the Record with Mr. Gaudin and the defendant represented by counsel in which a Memorandum of Understanding between the Defendant and the State was talked about. The Court was not privy to or apart of any agreement he made with the State. So we come outside, he enters a guilty plea, and now basically he's saying what he pled to was an infirmed guilty plea not based on what I've even read of his Boykin in this court but based on what he has understood with the State.
DEFENSE COUNSEL:
Correct.
THE COURT:
That's what he's complaining about.
DEFENSE COUNSEL:
Correct, Your Honor, because that plea agreement was contingent upon the actions of Mr. Gallagher and the State in a contract that was made based upon that plea.
THE COURT:
All right, so are you alleging that he fulfilled his end of the agreement with the State?
DEFENSE COUNSEL:
I'm alleging that he performs specific performance, if I could use civil law terms, and he did --
THE COURT:
Cause that's what we're talking about. This is a contract issue.
DEFENSE COUNSEL:
It is, Judge.
THE COURT:
But you've raised it as an infirmed guilty plea because he didn't -- because it's constitutionally infirmed, but I don't see that in the transcript and the questions and the Boykin form.
DEFENSE COUNSEL:
It wouldn't be reflected in the Boykin form, Judge.
THE COURT:
Ah.
DEFENSE COUNSEL:
It would be reflected in the contractual agreement that in accordance with the new law it allows the Court to look at the contractual agreement between the State and the Defendant using civil law but broader because a constitutional liberty is at play here. His loss of freedom is at play here. And so as I read what I enumerated in my memo the Court has to make the determination of fact based upon that contract to see if either party breached the agreement to make a determination whether or not the plea was constitutionally infirmed, and that's how I read it. And so I'm asking the Court to --
THE COURT:
But if I just allow him to withdraw his guilty plea -- isn't he facing life?
DEFENSE COUNSEL:
Judge, he has a case in "G" that he is facing.
THE COURT:
Is he facing life?
*922 THE STATE:
Yes.
DEFENSE COUNSEL:
Yes.
THE COURT:
Wow, why don't I just let him do that? You're facing fifteen years, and that's what this is about versus life? Am I clear on that?
DEFENSE COUNSEL:
You are clear. His case in "G" is a possession with intent to distribute cocaine, but he still has a right to trial is what we're arguing.
THE COURT:
So the issue would be -- I'm going to recuse myself for purposes of this hearing only so that you can call my law clerk, but it won't be a permanent recusal.
DEFENSE COUNSEL:
So --
THE COURT:
And then you can make the additional motion later if there's something that you think has affected -- the infirmity with this constitutional plea is based on the agreement between him and the State.
DEFENSE COUNSEL:
Correct, Judge.
THE COURT:
Not based on what occurred in the court.
DEFENSE COUNSEL:
Correct.
THE COURT:
At his guilty plea.
DEFENSE COUNSEL:
Correct, but they are part in parcel because they're connected.
THE COURT:
Right, but my recusal would only be based on his lawyer having been --
DEFENSE COUNSEL:
A party to the contract.
THE COURT:
Which is now my law clerk. Okay. Of course, State, why wouldn't I just let him withdraw all this, and you all now can proceed to convict him if you so choose?
THE STATE:
Because, Judge, it's the State's position that -
THE COURT:
What do y'all want to do? Do y'all think he needs to be sentenced to fifteen years?
THE STATE:
Yes, Judge. The agreement -
THE COURT:
I don't know what the M.O.U. says. Apparently I had a copy, but I've never seen it.
THE STATE:
I think Your Honor, and I don't know if I'm speaking out of place, but I think Mr. Gaudin actually attached it to his response.
THE COURT:
I know, and I've lost the whole thing.
THE STATE:
I'll have him provide you another copy.
THE COURT:
So I haven't read that. I haven't read the M.O.U., and I think it's almost better because I wasn't a party to it.
THE STATE:
Well, I have a copy of it right now if you would like to see it-
THE COURT:
Why don't you tell me what you all think he should be sentenced to if he's in violation of your agreement?
*923 THE STATE:
Judge, at this point he has entered a guilty plea as charged to both cases, and is subject to multiple billing as a multiple offender. Now, the State agreed to waive the multiple bill and agreed to a suspended sentence under 890.1 which he wouldn't even have been eligible for because he's a quadruple offender.
THE COURT:
So now you all just want to consider this a guilty plea, and he's eligible for multiple billing?
THE STATE:
Yes, and the reason that he's not entitled to --
THE COURT:
I didn't understand that from Mr. Gaudin. I thought he was suggesting that this should be a fifteen year sentence, and he was going to file a multiple bill.
.....
THE STATE:
Judge, Mr. Gaudin would obviously have more information than I would, but I believe in my discussions with him that the State alleges he did nothing.
THE COURT:
See, that's where -
THE STATE:
Including failing to appear for court which he is required to do under provision five of the Memorandum of Understanding.
THE COURT:
Okay, I'll let another judge hear this so that they can determine all the different details that need to be sorted out, so I'm recusing for purposes of this hearing. What's the title of the pleading? Motion to withdraw his guilty plea?
DEFENSE COUNSEL:
Motion to withdraw guilty plea.
THE COURT:
All right, I'll let another judge handle that motion. Be careful what you ask for, sir.
Thereafter, defendant's motion to withdraw guilty plea was transferred to Section "G." At the February 21, 2018 hearing, defense counsel argued that it was necessary to have an evidentiary hearing to present testimony and evidence in support of defendant's argument that his guilty plea was constitutionally infirm. However, after reviewing the MOU agreement and the Boykin transcript of December 9, 2016, the district court denied defendant's motion to withdraw guilty plea.
The record of the two hearings reflects that defendant argues he was induced to plead guilty by the plea bargained sentence of 15 years, suspended, with five years of probation and no multiple bill, and the State is not honoring that plea bargain. Defendant argues that he is entitled either to specific performance of the plea agreement or withdrawal of his plea. However, the State argues that defendant knowingly and voluntarily entered into the MOU agreement with the State, as reflected by the signatures of defendant and his defense counsel; that defendant agreed to abide by those obligations as part of his plea agreement; that defendant failed to comply with his obligations under the MOU agreement; and, accordingly, the State is no longer obligated to its agreement not to charge defendant as a multiple offender.
In discussing the importance and validity of plea bargain agreements, the Louisiana Supreme Court recently stated, "[a]s a general matter, in determining the validity of agreements not to prosecute or of plea agreements, the courts generally refer to analogous rules of contract law, although a defendant's constitutional right to fairness may be broader than his or her rights under the law of contract."
*924 State v. Karey , 16-0377, p. 4 (La. 6/29/17), 232 So.3d 1186, 1190 (citations omitted). "When a district attorney or assistant district attorney makes a good faith bargain with a person accused of a crime and the defendant, in reliance on that bargain, relinquishes a fundamental right, the State cannot repudiate the bargain." Id.
In addition, it is well established that a guilty plea may be withdrawn or set aside when the facts surrounding the guilty plea show it to be constitutionally infirm. State v. Foster , 17-0290, p. 5 (La. App. 4 Cir. 7/12/17), 224 So.3d 440, 442 ; State v. Dixon , 449 So.2d 463 (La. 1984). A guilty plea is constitutionally infirm when the terms of the plea agreement are not honored or a defendant is induced to enter that plea by what he justifiably believes was a plea bargain, and that bargain is not kept. Foster , 17-0290, p. 5, 224 So.3d at 442-43. "In such a case a defendant has been denied due process of law because the plea was not given freely and knowingly." Dixon , 449 So.2d at 464. Consequently, "[w]hen a plea agreement is breached, the defendant has the option of specific performance of the agreement or nullification or withdrawal of the plea." State v. Epperley , 14-0259, p. 20 (La. App. 4 Cir. 10/2/14), 151 So.3d 721, 735.
In consideration of defendant's argument that the facts surrounding his guilty plea show it to be constitutionally infirm, we find that the district court abused its discretion in denying defendant's motion to withdraw guilty plea without allowing defendant to present testimony and evidence of such facts. The record indicates that Section "A" recused itself based, implicitly at least, on a finding that the testimony of the Section "A" law clerk, in relation to her work as defendant's former counsel, would be necessary for the determination of whether defendant's guilty plea was constitutionally infirm. However, Section "G" denied defendant's motion to withdraw guilty plea based solely on its review of the transcript of defendant's guilty plea colloquy, which he does not contest, and a copy of the MOU agreement, the terms and validity of which defendant contests under the laws of contract. Since Section "G" did not take any further evidence or make any determination as to the validity of the MOU agreement or the parties' compliance with that agreement in relation to defendant's guilty plea, we find the record insufficient to review defendant's claim that his guilty plea is constitutionally infirm.
For the reasons stated above, we grant defendant's writ, vacate the district court's denial of defendant's motion to withdraw guilty plea, and remand this matter to Section "G" for an evidentiary hearing regarding the validity, terms, and parties' compliance with the MOU and then to determine whether defendant has established that his guilty plea was constitutionally infirm.
WRIT GRANTED; REMANDED; STAY LIFTED
LOBRANO, J., CONCURS IN THE RESULT.

The underlying facts related to the charge are not relevant to the matter under review.

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

On two subsequent dates, defendant appeared for sentencing and requested continuances, which were granted by the district court.