STATE OF LOUISIANA      *      NO. 2019-KA-0516

VERSUS      *

GARY DELTON      *      COURT OF APPEAL

     FOURTH CIRCUIT

     * 

     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 540-135, SECTION "B"
Honorable Tracey Flemings-Davillier, Judge
* * * * * *
**Judge Tiffany G. Chase**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Tiffany G. Chase)

Michael Idoyaga
700 Camp Street
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/APPELLANT

Leon A. Cannizzaro, Jr., District Attorney
Donna Andrieu, Chief of Appeals
Scott G. Vincent, Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 South White Street
New Orleans, LA 70119

COUNSEL FOR STATE OF LOUISIANA/APPELLEE

**AFFIRMED
OCTOBER 09, 2019**

In this criminal appeal, the defendant, Gary Delton (hereinafter "Mr. Delton"), seeks review of his sentences. After consideration of the record, and the applicable law, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On February 27, 2018, Mr. Delton was charged by bill of information with one count of aggravated burglary and one count of simple burglary of an inhabited dwelling, violations of La. R.S. 14:60 and La. R.S. 14:62.2, respectively. He appeared for arraignment on March 1, 2018, and pled not guilty to the charges against him.

A pre-trial conference was held on July 31, 2018, at which the State of Louisiana (hereinafter "the State"), Mr. Delton, and his counsel were present.[1] Mr. Delton withdrew his not guilty pleas and entered guilty pleas on both counts. The following colloquy depicts the exchange between the trial court and Mr. Delton:

> **The Court:**
> You understand the sentencing range with respect to the aggravated burglary is one to thirty years; your sentence on that would be two years DOC. And as to the simple burglary of an inhabited dwelling, it is one to twelve years, and your sentence will be five years, credit for time served; all but two suspended, and you'll be placed on three

---

[1] Although the Docket Master states Mr. Delton did not appear at this hearing, the transcript indicates his presence.

1

years active probation with a requirement that you enter into a drug court program in Orleans Parish Criminal court.

**Mr. Delton:**
Yes, ma'am.

When the trial court inquired whether the State was charging Mr. Delton as a multiple bill offender, defense counsel responded that Mr. Delton had no prior felonies. Mr. Delton, his counsel, and the judge then signed a *Boykin* Form[2] reflecting the sentences in the colloquy. At the end of the hearing, counsel for Mr. Delton stated "pursuant to the request by [the] state, I would request that we set [a] sentencing hearing in this matter so that they can include the victim impact statement."

On August 23, 2018, the trial court heard testimony from the victim of the aggravated burglary, as well as numerous friends and family members regarding the emotional impact of the crime. At the hearing, one of the witnesses suggested that Mr. Delton had prior felony convictions. After hearing all of the impact statements, the trial court held a conference in chambers with the State and defense counsel, and ordered a Pre-Sentence Investigation (hereinafter "PSI"). The trial court made the following comment after returning to the bench:

> Given that there was a prior discussion about this case, I want to make sure we are all on the same page in terms of what defense counsel's expectations were, what the State's expectations are, and what I agreed to previously, and then now taking into consideration all that [the victim impact witnesses] have indicated on the record today. So I want to make sure that this process is fair and just for everyone.

In light of the trial court's statement, a briefing schedule was set for the filing of a motion by Mr. Delton to withdraw his guilty pleas. The trial court reserved ruling on this motion and sentencing until October 9, 2018.

---

[2] *See Boykin v. Alabama*, 395 U.S. 238 (1969), 89 S.Ct. 1709, 23 L.Ed.2d 274.

At the October 9, 2018 hearing, defense counsel requested an extension of time to file the motion to withdraw Mr. Delton's guilty pleas. The extension of time was granted. However, on October 29, 2018, defense counsel informed the court that Mr. Delton would not be filing a motion to withdraw his guilty pleas. Mr. Delton was not sentenced as scheduled; rather, the trial court selected a new date for sentencing.

Mr. Delton was sentenced on November 30, 2018. Prior to imposing sentence, the trial court recounted the events of the July 31, 2018 pre-trial conference. The following exchange took place between the trial court and counsel for Mr. Delton:

> **The Court:**
> [T]he Court - - the State worked out a plea agreement with the Defense - - with Defense Counsel and Mr. - - -
>
> **Defense Counsel:**
> For clarification, Your Honor. That was a plea agreement worked out technically between the Court and Defense. The State took no position at that time.
>
> **The Court:**
> Right, the State took no position. Okay, thank you.

The trial court noted it had not been made aware of significant additional information at the July 31, 2018 pre-trial conference, specifically referencing the victim impact statements and Mr. Delton's criminal history, including a prior felony conviction in Ohio revealed in the PSI.[3] In light of this additional information, the trial court reconsidered the sentence discussed at the July 31, 2018 pre-trial conference.

---

[3] The PSI indicated Mr. Delton had "several misdemeanor convictions and one felony conviction for Attempted Receiving of Stolen Property and Improper Handling of a Firearm in a Motor Vehicle" in Ohio. Mr. Delton also has an outstanding warrant for his arrest as to that felony conviction because he failed to appear for his pre-sentence interview subsequent to his pleading guilty.

Mr. Delton was again provided with the opportunity to withdraw his guilty pleas. Defense counsel maintained it was still Mr. Delton's position not to withdraw his pleas:

> Mr. Delton understands that he is being given the opportunity to withdraw his plea. It's his belief and understanding under the law that he would be entitled to specific performance under the *Boykin* … and it's with that understanding, Your Honor, that he is at this time, not withdrawing his previously given guilty plea.

Mr. Delton was sentenced to fifteen years as to the count of aggravated burglary and twelve years as to the count of simple burglary of an inhabited dwelling. The sentences were ordered to run concurrently, with credit for time served. Mr. Delton noted his objection and this appeal followed.

## ERRORS PATENT

The record was reviewed for errors patent pursuant to La. C.Cr.P. art. 920 and none were found.

## DISCUSSION

In his sole assignment of error, Mr. Delton contends "[t]he trial court erred in resentencing [him] to triple the sentence negotiated in the plea agreement, after hearing a victim impact statement." He requests specific performance of the five-year sentence he avers was memorialized by the *Boykin* form, a conversation at the bench, and in the *Boykin* colloquy conducted by the trial court at the July 31, 2018 pre-trial conference.

A party demanding specific performance of a plea agreement has the burden of proving its existence. *State in Interest of E.C.*, 2013-2483, p. 4 (La. 6/13/14), 141 So.3d 785, 788 (per curiam); *State v. Givens*, 1999-3518, pp. 14-15 (La. 1/17/01), 776 So.2d 443, 455. In determining the validity of plea agreements,

4

Louisiana courts generally refer to rules of contract law.[4]  *Interest of E.C.*, 2013-2483, p. 4, 141 So.3d at 787.  "The first step under contract law is to determine whether a contract was formed in the first place through offer and acceptance." *Givens*, 1999-3518, p. 14, 776 So.2d at 455.  Accordingly, plea agreements require the consent of the State and the defendant.  *State v. Lewis*, 2005-1220, pp. 9-10 (La.App. 4 Cir. 3/29/06), 930 So.2d 100, 105.  The district attorney is the only official vested with the authority to engage in a plea agreement on behalf of the State.  *State v. Hamilton*, 1996-0807, p. 5 (La.App. 4 Cir. 6/7/96), 677 So.2d 539, 542 (citing La. C.Cr.P. arts. 558 and 691); *see also State v. Franklin*, 2013-1489, p. 5 (La.App. 4 Cir. 6/11/14), 147 So.3d 231, 237 (citing La. Const. art. 5, § 26(B) and La.C.Cr.P. art. 61).  Consequently, a trial court has no authority to enter into an *ex parte* plea agreement with a defendant.  *Hamilton*, 1996-0807, p. 5, 677 So.2d at 542.

The record does not reflect an offer was made by the State.  By defense counsel's own admission, the State took no position at the July 31, 2019 pre-trial conference.  The absence of an offer precludes the existence of any agreement between the State and Mr. Delton.  *See Givens*, 1999-3518, p. 15, 776 So.2d at 455 ("defendant has not proved that he and the prosecutor reached an enforceable agreement in the first place").  Thus, we find the trial court did not err in denying Mr. Delton the remedy of specific performance.

---

[4] Our courts also recognize that a criminal defendant's constitutional right to fairness may be broader than his rights under contract law. *Interest of E.C.*, 2013-2483, p. 4, 141 So.3d at 788. A guilty plea is constitutionally infirm if a defendant is induced to enter that plea by what he justifiably believes was a plea agreement. *State v. Foster*, 2017-0290, p. 5 (La.App. 4 Cir. 7/12/17), 224 So.3d 440, 442-43 (internal quotations omitted). "If a plea bargain exists to which the State is not a party but upon which a defendant relied in pleading guilty, he must be allowed to withdraw his plea." *State v. Carriere*, 611 So.2d 781, 784 (La.App. 4th Cir. 1992). Mr. Delton waived his right to withdraw his guilty pleas.

## **DECREE**

For the foregoing reasons, the sentences imposed by the trial court are affirmed.

**AFFIRMED**